1s 349
102 587

BETTIS v. NICHOLSON.

1. To recover a fine for failing to work on a public road, the warrant was in the name of the county of Monroe as plaintiff; the name of the overseer is afterwards introduced in the record as plaintiff; the proceedings are erroneous.
2. No judgement can be rendered against the overseer of a road for costs in prosecuting defaulters.
3. Defendant appeals from the judgement of a justice, judgement of non pros in the appellate court is given for want of prosecution by the overseer; he having no notice of the appeal, it is error.
4. Under the circumstances of this case, it is reversed without costs ; there being no proper party who should pay them.

THIS was a writ of error from the County Court of Monroe county. The action originated in a justice's court in said county. The warrant was issued in August, 1826, against Theophilus Nicholson, to answer the complaint of Monroe county ; it was endorsed "to recover five dollars, returned by the overseer for failing to work on the roads," and was executed on Nicholson. The judgement returned by the justice is thus stated : "Francis Bettis vs. Theophilus Nicholson, for the use of Monroe county. Judgement granted by default in favor of the plaintiff, for amount of account five dollars, costs eighty-

seven, and a half cents, appeal bond seventy-five cents."
Those were all the proceedings certified by the justice.   In the County Court, at the January term, 1827,
the case is thus stated: "Francis Bettis vs Theophilus
Nicholson, for use," &c.   The minutes shew, that the defendant came by his attorney; that the plaintiff was
solemnly called, but came not to prosecute his suit; that
therefore it was adjudged that the plaintiff take nothing
by his writ; that the defendant go without day, and judgement for costs was rendered against the plaintiff.   No
appeal bond appears in the record.

To reverse this judgment, Bettis here assigns for error, that the Court erred in giving judgement against
him because he is not named in the summons, in which
he is no party, the warrant being to answer Monroe county; that he had no notice of the appeal being taken;
that he was not in any way concerned in said cause if at
all, otherwise than as overseer of a public road, and that
there was not sufficient matter before the Court to authorize the giving of judgement against him.   The cause
was submitted without argument.

### By JUDGE SAFFOLD.

THIS suit originated before a justice of the peace,
against the defendant in error, for failing to work on the
public road.   He was returned as a defaulter, by the
plaintiff in error, as overseer of the road.   The warrant
issued in the name of Monroe county as plaintiff.   On
trial, the magistrate stated the case as between the overseer
as plaintiff, and Bettis defendant, for the use of Monroe
county; and gave judgement against the defendant for
the fine and costs of suit.

The next notice we have of the suit, was in the County
Court.   It seems to have been recognized by the Court as
a suit regularly before it; but how it got there, is left to
conjecture, except that the certificate of the magistrate
refers to the cost of an appeal bond as part of the proceedings had before him.   At the first term of the County
Court, the overseer who had been thus made by the justice a party to the judgement, not appearing, judgement
of *non pros* was rendered against him, with the costs of
suit.   It does not appear that the overseer, as plaintiff,
ever had any notice of the appeal, or even of the fact of
his having been made plaintiff in the suit.   As far as such
notice might be deemed material, it could be sufficiently

inferred from his having as overseer, made the return of the defaulters, and the law in such cases which requires that the overseer shall prosecute for the fines, except from the fact of the warrant having issued in favor of a different plaintiff, to wit: the county.

But inasmuch as he was not a party to the warrant, and does not appear to have had any notice of the appeal or pendency of the suit in the County Court; and inasmuch as the statute expressly requires notice to be given to the appellee, that an appeal has been taken, to authorize the Court to proceed to trial at the first term. [a] We *a Laws Ala, 407.* cannot hesitate to say there was error in giving judgement of *non pros* against the appellee at the first term. On another ground, we are also of opinion there was error in the judgement below. The statute provides, that the overseers of roads shall make out an account of fines incurred by law, against all defaulters, and if they fail to make a sufficient excuse in ten days, he shall return such account to a magistrate, on which he shall issue a summons against the defaulter, &c. and if the defaulter fail to shew a sufficient cause before the magistrate on the day appointed, he shall give judgement for the same with costs, &c. But if the excuse be deemed sufficient to dismiss the suit, the overseer *shall not pay the costs.*

Hence it appears to have been the policy of the law, not to subject overseers to any responsibility for costs, while prosecuting for the benefit of the public. To this policy, no objection it would seem, can arise, when it is also considered that the overseer has no individual interest in the prosecution; that the fines are applied to the repairs of the road, and the overseers are subject to penalties, for failing to prosecute delinquents.

But inasmuch as the warrant was entirely insufficient and void for the want of a proper party plaintiff, the county having no general capacity or special authority to sue, and for which the proceedings ought to have been quashed below, we cannot adjudge costs against the defendant, but must reverse the judgement without costs.

## By JUDGE CRENSHAW.

THE action was brought by the plaintiff as overseer of the road, against the defendant as defaulter in not working on the road; the magistrate gave judgement against the defendant, from which he appealed to the County

JANUARY 1828.   Court, where the judgement was reversed, and Bettis, the overseer, was taxed with the costs.  The only material question is, whether the overseer was liable for costs in the appellate Court.   The statute provides that the overseer shall not be liable for costs before the magistrate, but makes no provision as to costs in the appellate Court. The costs therefore in the appellate Court, must be governed by the same rule which governs other cases. I consequently am of opinion that the judgement of the County Court should be affimed.

Bettis
v.
Nicholson.

Judgement reversed without costs.

PARSONS and COOPER, for plaintiffs.

BAGBY and LYON, for defendant.

The case of Harris against Nicholson, being similar to this, the same decision is made in that cause.