Rather & wife had of those circumstances, relative to public benefit and pri-
vs.
The State. vate injury, on which the statute evidently contemplates that
the adjustment of any such question as may arise upon it, is
to rest.    The court below decided, that the certificate of the
register of the land office, held by Cox, was illegally granted,
so as to include the eastern bank of the river at the point
where it was proposed to establish the ferry ; and on this
supposed defect of Cox's title, is expressly rested the deter-
mination of the question.    Now it is clear, that the title thus
acquired and held, is good at least against all the world ex-
cept the general government.

---

### James Rather and Wife vs. The State.

*Error from Tuscaloosa Circuit Court*—Before the Hon.
A. Crenshaw.

———◆———

Where process is issued against parties, under the statute for obstructing
public roads, returnable to a particular day in court, such process may
be continued from day to day by the court, and heard and determined
on another day than that named in the process.
It is not error that such process is issued in the name of the state, for the
use of the county.
In a proceeding of this kind against a man and his wife, where he is ac-
quitted, and she is convicted, the judgment is bad, and will be reversed.

This case was founded on a notice issued by the Attorney
General against the plaintiffs in error, preparatory to a mo-

tion for judgment, for the obstruction of a public road by Har- <span style="float:right">Rather & wife<br>vs<br>The State</span>
riet Rather, the wife of the plaintiff James. The notice was
issued in the name of the state, returnable on the 2d Monday
of the term, and was continued from time to time, until dis-
posed of. A motion was made by counsel, as *amicus curiæ*,
to dismiss the rule because not made at the time mentioned
in the notice, and in favor of the proper plaintiff—which was
overruled. A plea in abatement on the same positions was
then tendered by the defendants, and a demurrer to the same
sustained by the court. The jury having taken the case on
the plea of not guilty, found Harriet Rather guilty, and ac-
quitted James Rather. The judgment of the court was, that
" James Rather go hence without day, and that Harriet Ra-
ther forfeit to the state of Alabama, for the use of Tuscaloo-
sa county, the sum of eight hundred and seventy dollars.
The court, however, reserved the whole case for the opinion
of the Supreme Court.

WILSON, for Plaintiff.
The court should have dismissed the motion; because the
same not being made at the time stated in the notice, does
not advise the defendants of what they are called upon to
answer.

The plaintiff in the cause should have been either the
overseer, the solicitor, or the county, and in no event the
state, because the state is not named in the act, and in no
event interested in the motion. See *Aikin's Dig.* 362, *sec.*
22—360, *sec.* 15—366, *sec.* 35—1 *Stew.* 349—*Aik. Dig.* 361,
*sec.* 19. The court should not have sustained the demurrer
to the plea in abatement.

In summary proceedings, the notice is considered the ori-
ginal writ, and the motion the declaration. There is a vari-
ance between the notice and motion in the party plaintiff,
and the cause of complaint. The notice is in the name of
the Attorney General, and for the wife's obstructing the road,
and the motion is in the name of the state, alleging the of-

Rather & wife
vs.
The State.

fence to have been committed by husband and wife. Judgment should not have been rendered against the wife separately, but against the husband and wife—this being a forfeiture under a penal statute—*Reeves Dom. Rel.* 69, 73—1 *Bac. Ab.* 487—10 *John. Rep.* 247.

ATTORNEY GENERAL, *contra*.

By Mr. Justice SAFFOLD:

This case has been brought up on points reserved in the Circuit Court. The proceedings are founded on a notice given by the Attorney General to the defendants, to answer a motion made against them, for judgment at the rate of five dollars a day, (during the continuance of the nuisance) for failing to remove a fence which Harriett Rather, the wife of James Rather, had erected across the public road. On the day mentioned in the notice, a motion was made by the Attorney General for judgment in favor of the state, for the amount forfeited, according to the provisions of the statute, in such case provided, against both the defendants, which motion was ordered to be continued from day to day until disposed of. Afterwards, during the same term, the motion being under consideration, exceptions were taken—first, by motion of counsel, as *amicus curiæ*, and afterwards by plea in abatement, by the defendants in person, on the ground that the motion was not made at the time stated in the notice, nor in favor of the proper plaintiff—both of which were considered by the court, and overruled—the plea having been decided on demurrer. Issue was then taken between the state and the defendants, which being tried by the jury, a verdict was rendered on a plea of not guilty; finding the defendant, Harriet Rather, guilty of erecting a fence across the road, and failing to remove it, for the term of one hundred and seventy-four days, and finding the other defendant, James Rather, not guilty; whereupon, the said James Rather was discharged, and judgment entered against Harriet Rather—that she should forfeit and

pay to the state, for the use of the county, eight hundred and seventy dollars, being at the rate of five dollars per day, during the continuance of the nuisance. The record further shows, that the defendants made proof that the road in question was a new one, or at least an alteration of an old one, running through the field and possession of the defendants— that it was first opened on the thirty-first day of March, and the obstruction made afterwards—that the court, on motion, refused to instruct the jury, that if they believed the road obstructed was a new one, and not opened until after the first day of March, they should acquit the defendants. Error is attributed to the Circuit Court.

First. In overruling the motion to quash, and in sustaining the demurrer to the plea in abatement.

Second. In refusing the instructions requested.

Third. In rendering judgment against the wife separately.

As respects the first assignment, it is to be observed, that the defendants had the full benefit of notice to resist the motion. That the motion having been in fact made on the day of the term appointed by the notice, and then continued by order of the court from day to day until it was heard and disposed of, there could be no room for surprise, and no insufficiency of notice. The supposed variance between the notice and motion, respecting the party in whose name the judgment was sought, is understood to consist in not making the overseer or Attorney General the plaintiff in the motion, instead of the state. To sustain this exception, reference is made to the case of *Bettis* vs. *Nicholson*. In that case the prosecution was commenced before a justice of the peace, by civil process, for a failure by the defendant to work on a public road. In that case, it is true, this court recognised the right of the overseer to sue in his own name for the use of the county. The statute expressly requires the overseer, for that offence, to prosecute by warrant from a justice of the peace—directs the fine when collected, to be paid over to him, to be appropriated to hiring hands to work on the road,

Rather & wife
vs.
The State.

ᵃAik. D. 361, sec. 19.

ᵇAik. D. 362, 363, s. 20, 25.

ᶜAik. D. 362, sec. 22.

ᵈAik. D. 365, sec. 31.

and exempts him from any liability for costs, in case the defaulter shall be exonerated from the fine;[a] from which it results that the overseer is the proper party in a suit for that offence. But in the case referred to, there was no decision relative to the proper party, further, than that such suit could not be sustained in the name of the county, it having no capacity to sue; and that after the warrant had been issued in the name of the county, the proceedings could not be sustained in the name of the overseer; that it was a change of parties in the progress of the suit. It could not have been contemplated by the statute, that all fines and forfeitures under the road law, should be collected in the name of the overseer of the road, or any in the name of the Solicitor or Attorney General. Motions, as well as indictments, are authorised against the overseer in like manner with those against other offenders; and for neglect of his own duty he may be prosecuted in the Circuit Court, on notice and motion by the solicitor.[b] The clerk of the court, and other officers, for neglect of their duties, are liable to the same form of proceeding; and in all cases where fines and forfeitures may be recovered, on notice and motion by the solicitor in the Circuit Court, for the use of the county, it is conceived to be proper to proceed in the name of the state, for the use of such county. In this prosecution the overseer had no interest or indispensible agency. The solicitor was authorised to proceed on his information,[c] or on presentment by a grand jury;[d] or it may have been done on information otherwise acquired. As in the case of most other informations or presentments, this prosecution is believed to have been properly instituted in the name of the state. That the notice did not designate the plaintiff, is not a material defect—the nature of the prosecution sufficiently implied it.

Secondly. In considering the propriety of the instructions to the jury, which the court refused to give, it must be conceded that the statute is explicit, that no new road shall be cut out between the first of March and the tenth of July, in any

year, and that no new road shall be opened through an inclo- Rather & wife<br>vs.<br>The State.<br>ᵃAik. D. 362,<br>sec. 21.
sure while there is a crop growing on the same.ᵃ  But whe-
ther the question as to what constitutes a new road, in contra-
distinction to variations, in an old road, is proper for the con-
sideration of a jury, or for the court—or to what extent an
overseer may alter the course of an old road in repairing it ;
and whether, if even a new road has been illegally opened at
an improper season of the year, it is not afterwards entitled
to legal protection, leaving the offender responsible for his
*tort;* are points of some importance and difficulty.  In as
much, however, as the argument in this case was *ex parte;*
and the next assignment is decisive of this case, we decline
the expression of any opinion upon them.

The last assignment presents for our consideration, the
question, whether for an offence of this kind, a *feme covert* is
subject to a conviction and judgment for the forfeiture, with-
out being joined with her husband.  To establish error in
the judgment, reference is made to *Reeves' Domestic Rela-* ᵇ73, Dom. Rel<br>69.
*tions,*ᵇ where it is said, that " for offences by the wife against
the laws, where the punishment inflicted is nothing more
than a fine, the husband is liable with the wife in all cases."
That it is otherwise where imprisonment or corporal punish-
ment is to be inflicted.  He also says, " if the wife be liable
to the penalty of a s tute, the husband must be a party to
the action or information."  The principle is said to be gene-
ral—that for fines and forfeitures incurred by the act of the
wife, for which the husband is liable, either separately or con-
jointly with his wife ; he must be made a party to the judg-
ment, and equally subject to arrest and imprisonment, to en-
force the payment.  This doctrine is more particularly appli-
cable to arrests under civil process ; but where the penalty
consists of a pecuniary forfeiture merely, the principle is the
same regardless of the form of the prosecution.  The policy
of the rule is to create a sufficient inducement for the husband
to exert himself to discharge the debt, and exonerate both.

18

Rather & wife
vs.
The State.

For the commission of various indictable offences, especially for crimes of the higher grade, by a *feme covert*, she may be punished without her husband, if he were not present or in any manner encouraging or assenting to them. It is a legal presumption, that whatever the wife does in presence of her husband is done under his coertion—so as to subject him to the punishment—and (in respect to some offences) to exonerate her ; yet the husband may show the contrary—that the act was committed against his will, and thus discharge himself from liability to any infamous or corporal punishment, though the wife be subject to the same.

There are crimes *malum in se*, for the commission of which by the wife, the presence and presumed coertion of the husband afford her no impunity—such as treason, murder, &c.[a]

[a] Dom. Rel. 74-- 1 Hawk P. C. 5 & Ba. Ab. tit Baron and Feme.

This case must be governed by the law applicable to the inferior grade of crimes and misdemeanors ; and the nature of the offence, and character of the punishment, more than the form of the prosecution, must determine the relative liability of the parties. In New-York it has been held, that the husband was liable in a *qui tam* action for a forfeiture under their statute, incurred by the wife, by retailing liquors in his absence.[b]

[b] 10 John. 256

Besides the policy of the principle already alluded to, the additional reason exists for the liability of the husband, that being entitled to his wife's portion, and all her earnings, he alone has the means of discharging the forfeiture.

As respects the form or character of this prosecution, it is considered sufficient to say, that it is in the nature only of an information to recover a fine or forfeiture for the violation of a penal statute—that having been commenced, as it should be, against the husband as well as the wife ; she was not subject to a conviction, unless he had been also convicted. That on the acquittal of the husband, the wife was also entitled to her discharge—consequently there was error in the judgment, for which it must be reversed.