Childs v. Crawford.

---

## CHILDS v. CRAWFORD.

1. In *certiorari* cases, it is error to award judgment for damages on account of delay merely, although the jury so find. A judgment so entered cannot be considered as a clerical misprision, but is the fault of the party taking it, and will be reversed and here rendered for the proper sum.

Writ of Error to the County Court of Randolph.

THIS suit was commenced in a Justice's Court, by Crawford against S. & J. J. Childs, and after judgment was removed by *certiorari* into the County Court, upon the application of the defendants. In the County Court, the cause was submitted to a jury, and it appears from the judgment entry, that the verdict was for the plaintiff for $55 58, and fifteen per cent damages on the same for delay. The judgment was rendered by the Court for the sum so ascertained by the verdict, with fifteen per cent. upon it.

This is now assigned as error.

J. FALKONER, for the plaintiff in error.
S. F. RICE and T. D. CLARK, for the defendant in error.

GOLDTHWAITE, J,—The statute which gives damages when it appears to the Court that an appeal was taken for delay merely, (Dig. 315, § 13,) does not in terms include suits removed by *certiorari;* and in Hudnell v. McCarty, Minor, 402, it was held not to warrant the assessment of damages in such a suit. The fact that the jury have returned a verdict for this amount of damages will not sustain the judgment rendered on it, because that was not a matter within the issue, and the plaintiff should not have taken judgment for any thing but the sum found due upon his demand.

It is supposed this, at most, is a clerical misprision, which could be corrected on motion, in the Court below; we should have been pleased if we could have arrived at this conclusion; but the duty of the clerk is to enter the judgments according to the verdicts, unless otherwise directed by the Court, which itself is merely passive. In point of law, it is the duty of the party so to free the verdict and judgment from extraneous matter, as not to create error, to the injury of the opposite party.

Judgment reversed, and here rendered on the verdict for the proper sum.