## CROWNOVER *vs.* SRYGLEY.

1. When the defendant against whom a judgment has been rendered by a Justice of the Peace, removes the cause by *certiorari* into the County Court, a judgment of *non pros.* cannot be rendered against the plaintiff, unless he has been notified of the issuance of the *certiorari.*

2. *It seems,* however, that cases removed from Justices' Courts by *certiorari,* are not embraced in the statute, (Clay's Dig. p. 315, § 17,) which secures to the appellee a right to notice of an appeal from the judgment of a Justice of the Peace.

ERROR to the County County of Lawrence.

R. O. PICKETT, for plaintiff in error :

To authorize a judgment of *non pros,* it should appear, that notice of the appeal has been served on the appellee as the statute directs, (Clay's Dig. 315, § 17.)—Wyatt vs. Avery, 14 Ala. 586. In this case no notice was given.

No counsel for defendant.

PARSONS J.—Crownover recovered a judgment against Srygley, before a justice of the peace in Lawrence county, the latter removed the cause by *certiorari* to the county Court, at its January term, 1848, which was the first term after the *certiorari* was granted, and a judgment of *non pros.* was entered against Crownover at that term, who had no notice of the *certiorari,* or of any of the proceedings thereon, so far as the record shows, nor was there any attempt to give him notice. We are not satisfied that the statute which secures to the appellee in a judgment rendered by a justice of the peace, a right to notice of the appeal, (Clay's Dig. 315) can be construed so as to extend to *certiorari* cases. We think that cases removed by *certiorari* were not within the contemplation of the Legislature, and they are not within its language.

And it has been settled that the statute which gives damages when it appears to the court that an appeal was taken for delay merely, does not apply to cases removed by *certiorari.*—Hudnell v. McCartney, Minor's 402; Childs v. Crawford, 8 Ala. 731. The principle is therefore settled, that those statutes which speak of appeals merely, do not include causes that are

recovered by *certiorari* from a justice of the peace,- or at least that is so in respect of this case.

But we are satisfied that upon the principles of natural justice, and of the common law, a man can neither recover a judgment, nor lose the benefit of one which he has recovered, by any judicial proceedings without notice.

The judgment of the County Court is therefore reversed. But as that court is now abolished, and the causes in it transferred to the Circuit Court of Lawrence, under the late act,. this cause is remanded to the said Circuit Court.