## WYATT v. AVERY.

1. To authorize a judgment of *non pros*, in a case carried by appeal from a justice's court, it should appear, that the notice of the appeal, required by the statute, has been served, or that the judgment was rendered at a term subsequent to the term, to which the appeal is taken.

Writ of Error to the Circuit Court of Autauga. Before the Hon. J. D. Phelan.

APPEAL from the judgment of a justice of the peace.

BELSER & HARRIS, for plaintiff in error, cited Wiggins v. Perryman, 4 S. & P. 94; Betts v. Nicholson, 1 Stewart, 349; Hancocks v. Holmes, 3 Ala. 9; Clay's Dig. 315, § 17, 18.

DARGAN, J.—The plaintiff in error sued the defendant before a justice of the peace, and judgment was rendered in her favor, on the 9th of October, 1847, for $33. The defendant took an appeal to the circuit court of Autauga, and judgment of *non pros* was rendered against the plaintiff in error; but there was no notice of the appeal served on the plaintiff, or her attorney. It is enacted that "no appeal shall be tried at the first term of the court to which it is taken, unless it appear that the appellee, his agent or attorney, has had five days' notice of such appeal, previous to the term at which the same is tried; or unless the return of *non est inventus* be made by the constable on the notice issued by the justice; and for want of such notice, or return, the cause shall stand for trial at the next ensuing term." Clay's Dig. 315.

It is very clear that the circuit court erred, in rendering judgment of *non pros* against the plaintiff in error. To entitle the defendant in error to judgment of non-suit, it should have appeared, that the notice required by the statute had been served; or the record should show, that the judgment of non-suit was rendered at a term subsequent to the term of the court to which the appeal was taken. Wiggins v. Perryman, 4 Stew. & Por. 95; 1 Stew. 349.

Let the judgment be reversed, and the cause remanded.