# Kane *v.* Gammell.

### *Appeal Case from Justice's Court.*

*Appeal and certiorari from justice's court; when triable.* — A case commenced in a justice's court, and removed by the defendant, by appeal or *certiorari,* into the circuit court, should not be dismissed at the first term, for want of prosecution, when the record does not show that the plaintiff had five days' written notice of the appeal or *certiorari* (Rev. Code, § 2778), but the cause should be continued until the next term, in order that the proper notice may be given.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAMES Q. SMITH.

HERBERT & MURPHEY, for the appellant.

PETERS, C. J. — Kane sued Gammell in a justice's court, and obtained judgment against him, on the 10th day of July, 1872, for twenty dollars and costs. On the 5th August, 1872, Gammell applied by petition to the probate judge of Montgom-

ery county, for a *certiorai* to remove said cause into the circuit court of said county, at the term to be held on the 2d Monday in December, 1872. In said circuit court, on the 23d day of January, 1873, a day of said December term, the following judgment was rendered in said cause : " This cause being called for trial, and no one appearing to prosecute the same, it is dismissed for want of prosecution. It is therefore considered by the court, that the said defendant go hence, and recover of the said plaintiff the costs in this behalf expended, for which let execution issue." From this judgment said Kane appeals to this court, and here assigns the same as error.

" No appeal, or *certiorari*, shall be tried at the first term, unless it appears that five days' notice in writing has been given to the opposite party, his agent, or attorney ; but such case must be continued until the next term." Rev. Code, § 2778. The record in this case does not show that such notice was given to the opposite party in the court below, who is the appellant in this court. It was error, therefore, to dismiss the suit for want of prosecution. The cause should have been continued until the next term, and notice should have been given as required by law. *Wyatt* v. *Avery*, 14 Ala. 586 ; *Crownover* v. *Srygley*, 19 Ala. 251. For this defect in the proceedings, the judgment must be reversed, and the cause remanded to said circuit court, with instructions to that court to cause the proper notice to be given of the pendency of the suit in that court.