# Hightower v. Crow.

## Action of Detinue.

1. *Certiorari; when return stricken from the record.*—On an appeal from a judgment by default, the transcript of the proceedings had before the judge of the primary court in vacation, on petition for rehearing on new trial, is no part of the record of the cause when the judgment appealed from was rendered, and the return of such transcript in answer to a writ of *certiorari* from the Supreme Court, is unauthorized, and it will be stricken from the record on proper motion; the office of a *certiorari* issued by the Supreme Court being to perfect and bring up a complete record from the primary court of the cause pending in an appellate court for review.

2. *Appeal from judgment of justice of the peace; notice necessary.*—The provisions of section 3403 of the Code, that notice of an appeal from a judgment of a justice of the peace must be served on appellee, is mandatory; and on appeal from a judgment by default by the circuit court against appellee, such judgment will be reversed, unless it appears affirmatively from the record that the required notice was given.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This was an action of detinue brought by the appellant against the appellee; and was originally commenced in a justice of the peace court. On an appeal to this court, prosecuted from a judgment by default rendered against the plaintiff in the circuit court, the appellee moved for a writ of *certiorari* to the clerk of the circuit court of Lowndes county, commanding him to transmit to this court a true transcript of the record and proceedings in the case of *Hightower v. Crow*. This motion was

[Hightower v. Crow.]

spread upon the motion docket April 3, 1893, and on April 6 the motion was granted. In response to this writ of *certiorari* the clerk of the circuit court certified to this court the proceedings had in the circuit court of Lowndes county upon an application for re-hearing, which application was made by the plaintiff in the court below, after judgment by default had been rendered by the trial court against him. On May 22, 1893, the cause was submitted to the Supreme Court, together with a motion to strike from the record the return made by the clerk of the circuit court to the writ of *certiorari*, and tax the appellee with the cost of such transcript. The grounds of this motion were : 1st, that the transcript certified is no part of the record in this cause ; and, 2d, the said transcript is immaterial to any issue presented by the record in said cause.

The assignments of error upon the record, as originally filed, were, that the court below erred in rendering judgment against the plaintiff without any notice of an appeal to the circuit court having been given him ; and that it is shown by the record and proceedings that the circuit court had no jurisdiction of the person of the defendant.

TOMPKINS & TROY, for appellant.—The notice required by section 3403 is absolutely necessary for the maintenance of a suit on appeal from a judgment of the justice of the peace, and without such notice, the court is without jurisdiction to render judgment.—Acts 1890-91, 369 ; *Bettis v. Nicholson*, 1 Stew. 349 ; *Wilburn v. McCalley*, 63 Ala. 436 ; *Mead v. Larkin*, 66 Ala. 87 ; *Meyer v. Keith*, 99 Ala. 519; *M. & E. R. R. Co. v. Hartwell*, 43 Ala. 508 ; *So. Ex. Co. v. Carroll*, 42 Ala. 437 ; 16 Amer. & Eng. Encyc. of Law, 807 ; *Newman v. Manning*, 89 Ind. 422 ; *Scott v. Noble*, 72 Pa. St. 115 ; *Jones v. Kenny*, Hard. Rep. (Ky.) 96.

HOLLOWAY & HOLLOWAY, *contra*.—Notice of appeal from the justice's court may be waived by an appearance, as in this case. Code, § 3634 ; *Branch Bank v. Fry*, 23 Ala. 775 ; Wade on Notice, 606.

BRICKELL, C. J.—1. The office of a *certiorari* issuing from this court under the 15th rule of practice, (Code,

p. 802), is well defined by the rule. It is "to perfect or bring up a complete record" from the primary court of the cause pending in this court for review. The introduction here of the record of a separate, distinct suit or proceeding, though between the same parties, pending or determined in the primary court, is not within the scope or mandate of the writ. The writ of itself refers to the record which is to be perfected or completed; and in return to it, no record materially variant from that which is referred to or described can be certified. 3 Bac. Ab. 181. During the pendency of an appeal, there may be in the primary court amendments of the record, and if such amendments are properly made, they may be certified in return to the writ, because they are essential to the completeness of the record. With this exception, it has not been deemed permissible through the agency of a *certiorari*, to introduce into the record matter which was not part of it when the judgment from which the appeal is taken was rendered.—*Montevallo Coal Mining Co. v. Reynolds*, 44 Ala. 252, and authorities cited. The transcript or record of the proceedings had before the judge of the circuit court in vacation, upon the petition of the appellant for a rehearing or new trial, under the statute, (Code, §§ 2872–80), formed no part of the record of the cause when the judgment from which the appeal is taken was rendered. The petition was of itself the institution of a new and separate suit, and from the final judgment which may be rendered therein, an appeal will lie to this court. The introduction of the record or transcript of these proceedings in answer to the *certiorari* was unauthorized, and the motion of the appellant to strike it from the record must be sustained.

2. The appellant in an action corresponding to the common law action of detinue, recovered before a justice of the peace from the appellee, a horse of the assessed value of ninety-five dollars. From the judgment of the justice, the appellee appealed to the circuit court. At the return term of the appeal, there does not appear to have been any action taken in the circuit court; nor does it appear that to that term, there was a return of the original papers, and a statement of the proceedings before the justice. At the succeeding term, that which purports to be a judgment by default, was rendered against the appellant. The statute is mandatory, that

[McConnell v. Worns.]

on an appeal from the judgment of a justice of the peace, notice that an appeal has been taken must issue to the appellee, and must be served on him, his agent or attorney, five days before the return term of the appeal.—Code, § 3403; Acts 1890–91, p. 369. The notice is essential to the jurisdiction of the appellate court; and on error, a judgment of *non pros*, or by default, rendered against the appellee, can not be supported, unless it appears affirmatively from the record, that the notice was given.— *Bettis v. Nicholson*, 1 Stew. 349; *Wyatt v. Avery*, 14 Ala. 586; *Crownover v. Srygley*, 19 Ala 251; *Kane v. Gammell*, 50 Ala. 492. The record does not show that notice of the appeal was given the appellant, nor an appearance by him in the circuit court and, of consequence, the judgment is reversed.

Reversed and remanded.