# Murphy v. Wood.

## Action of Assumpsit.

1. *Appeal from justice's court; when dismissal for want of prosecution erroneous.*—A cause commenced in a justice's court and removed by the defendant by appeal into the circuit court, should not be dismissed at the return term of the appeal for want of prosecution, when the record does not show that the plaintiff had five days written notice of the appeal, as provided by statute (Code, § 3403); but the cause should be continued until the next term, in order that the proper notice may be given.

2. *Appeal; preparation of transcript.*—In making out the transcript and records of the trial courts for appeals, the clerks and registers should give the date of the filing of the pleadings, orders, judgments and decrees.

[Murphy v. Wood.]

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN R. TYSON.

On January 21, 1893, William J. Murphy, the appellant, obtained a judgment in the court of a justice of the peace against M. L. Wood, the appellee. On January 23, the defendant Wood filed his appeal bond and obtained an appeal to the circuit court from the judgment thus rendered. In the circuit court there was a judgment entered, dismissing the cause for the want of prosecution. After the rendition of this judgment, the said William J. Murphy filed his petition praying that the said judgment of dismissal be set aside and vacated, and that the said cause be reinstated on the docket of the circuit court and set for trial at the next term thereof. The said petition alleged : "That the papers on said appeal were not filed in your honor's court until a very late day in the last term thereof, nor the case put on the docket of said court until about the last week of said term. That petitioner had no agent or attorney acting or authorized to act for him in said case before said Fuller's court. That petitioner had no notice of the appeal of said cause to your honor's said court whatsoever, nor did he know that the same had been so appealed until he was informed after the adjournment of the said court by the clerk thereof, that a judgment had been rendered dismissing said cause for want of prosecution. Petitioner shows that your honor's said court had no jurisdiction to render said judgment, as will appear by sections 3403 et sequitur of the Code of Alabama."

This petition was denied. The said William J. Murphy prosecutes the present appeal, and assigns as error the judgment dismissing the cause for the want of prosecution, and also the judgment of the court denying his petition to set aside and vacate said judgment.

GORDON MACDONALD, for appellant.

HORACE STRINGFELLOW, contra, cited Blood v. Beadle, 65 Ala. 106 ; Brock v. S. & N. A. R. R. Co., 65 Ala, 80 ; Ex parte North, 49 Ala. 388 ; Martin v. Hudson, 52 Ala. 280 ; Baker, Lawler & Co. v. Pool, 56 Ala. 18 ; Collier v. Falk, 66 Ala. 223.

COLEMAN, J.—On the 21st of January, 1893, the

[Murphy v. Wood.]

plaintiff, Murphy, obtained a judgment in the justice court against the defendant, Wood. On the 23d day of January, 1893, the defendant Wood filed an appeal bond and obtained an appeal from the judgment in the justice court to the circuit court.

We know judicially that the January term of the circuit court for Montgomery began on the 9th day of January, 1893, and the record informs us that the court was duly organized on that day, just two weeks before the appeal from the justice court was taken. The circuit court rendered judgment, dismissing the appeal, for want of prosecution. The present appeal is prosecuted from the judgment of the circuit court, dismissing the appeal. The record does not inform us of the date of the judgment of the circuit court, dismissing the appeal. We mention here, for the benefit of clerks and registers, that in making out records for appeals, the date of the filing of pleadings, orders, judgment and decrees, should be stated. Section 3403 of the Code is as follows : ''Notice of appeal to be served on appellee. The justice must also issue a notice to the appellee that such appeal has been taken, which must be executed by personal service on him, his agent or attorney, five days before the return term of the appeal, and must be returned by the constable to the clerk of the court to which the appeal was taken, on or before the second day of the term.''

There was no evidence in the record that notice was given to Murphy of the appeal, or that he had notice of it. The statement by the justice of the peace on his docket, ''notice of appeal given to the plaintiff,'' refers only to the duty required of him, ''that he issue a notice to the appellee that an appeal has been taken,'' but is not evidence of the service of the notice which must be executed ''five days before the return term of the appeal and must be returned by the constable to the clerk of the court to which the appeal was taken, on or before the second day of the term.'' The constable makes this return to the clerk of the court to which the appeal is taken, and not to the justice of the peace. The case of *Kane v. Gammell*, 50 Ala. 492, is directly in point, if any authority was necessary to sustain the contention of appellant, that the court erred in dismissing the suit for want of prosecution.

Reversed and remanded.