# Gunter *v.* Mason.

## *Action of Assumpsit.*

1. *Appeals; appeal dismissed when record fails to show that trial court acquired jurisdiction.*—Where on an appeal to the Supreme Court from a judgment by default by the circuit court, it is shown that the suit originated in a justice of the peace court, for an amount below the jurisdiction of the circuit court, and there is nothing in fact to show that an appeal was taken to the circuit court by any one, the judgment of the circuit court was *coram non judice*, and there being, therefore, no valid judgment to support an appeal to the Supreme Court, in such case, it will be dismissed *ex mero motu.*

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES A. BILBRO.

The appellee, Robert E. Mason, brought a suit against the appellant, W. M. Gunter, in a justice of the peace court, to recover twenty-five dollars. From a judgment by default in the circuit court, an appeal is prosecuted to this court. Under the opinion on the present appeal, it is unnecessary to set out the facts in detail.

JOHN W. WINSTON and. W. L MARTIN, for appellant. In the absence of the notice of the appeal to the defendant, or his voluntary appearance, the circuit court was without authority to proceed with the case as properly in that court; hence the judgment by default is erroneous and must be reversed.—Code of 1896, §§ 485, 488; *Bettis v. Nicholson,* 1 Stew. 349; *Hancock v. Holmes,* 3 Ala. 9; *Arundale v. Moore,* 42 Ala. 482; *Kane v. Gammell,* 50 Ala. 492; *Murphy v.. Wood,* 103 Ala. 635.

D. ISBELL, *contra.*—When a cause has been appealed from the justice court to the circuit court, neither party can complain of the want of notice of the appeal after one continuance in the circuit court.—*Hancock v. Holmes,* 3 Ala. 9; *Goss v. Davis,* 21 Ala. 479. The mere silence of the record upon a jurisdictional fact is not sufficient in a court of record to show a want of jurisdiction; the want of jurisdiction must affirmatively appear before the cause can be reversed for want of jurisdiction.—1 Black on Judgments, 244, 270, 283, 286; 12 Am. & Eng. Ency. of Law, 147; 12 Am. & Eng. Ency. of Law 271; *Turrentine v. Day,* 82 Ala. 205; *Robinson v. Allison,* 97 Ala. 596; *Pettus, Admr. v. McClannahan,* 52 Ala. 55; *Weaver v. Brown,* 87 Ala. 533; *Glass v. Glass.* 76 Ala. 368.

DOWDELL, J.—The appeal in this case is taken from a judgment by default rendered by the circuit court. The action is in assumpsit, and the amount claimed is twenty-five dollars. It appears from the record that the suit was commenced in the justice court. We gather this from the certified transcript by the justice of the proceedings had in the justice court, which appears in the record before us. There is nothing to show how the cause got from the justice court into the circuit court—no appeal bond, no certificate of appeal by the justice—the only thing appearing is the transcript of the proceedings in the justice court, and this does not show by whom the appeal was taken from the justice court to the circuit court, nor in fact that any appeal was taken by any one. There is absolutely nothing to show that the circuit court ever acquired jurisdiction, as it could only acquire jurisdiction by an appeal. It is stated by counsel for appel-

lee in his brief that the appeal was taken from the justice court by the defendant, and further that at the first term of the circuit court after the appeal, both parties appeared and the cause was continued, but there is nothing in the record before us to show any such state of facts. It is insisted by counsel for appellant that the circuit court was without jurisdiction, and we agree with him in this contention. The amount being below the jurisdiction of the circuit court that court could only acquire jurisdiction of the subject matter, by an appeal to that court from the justice court. It follows that the judgment of the circuit court was *coram non judice.* There being no valid judgment to support the appeal, this court will *ex mero motu* dismiss the appeal.

Appeal dismissed.