# Illinois Central R. R. Co. *v.* Burleson.

*Damage for Delay in Delivering Goods.*

(Decided May 9, 1912. ˙ Rehearing denied May 28, 1912.
59 South. 230.)

*Appeal and Error; Decisions Reviewable; Void Judgment.*—
Where the transcript shows that the summons and complaint were
originally filed in the Justice Court in a cause in which the
Circuit Court had no original jurisdiction, and fails to show any
statement returned to the circuit court by the justice, or any judg-
ment rendered by him or any appeal bond, and fails to indicate in any
other way that the Circuit Court was exercising appellate jurisdic-
tion, an appeal from such judgment will be dismissed because
taken from a void judgment.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Action by W. T. Burleson against the Illinois Central
Railroad Company for damages for failure to deliver
freight. Judgment for plaintiff and defendant appeals.
Appeal dismissed.

DAVIS & FITE, for appellant. Counsel discuss the as-
signments of error with citation of authority, and
on application for rehearing insist that the appeal bond
was a sufficient transcript to give the circuit court jur-
isdiction to proceed with the trial, and that, therefore,
the submission should be set aside and certiorari grant-
ed to bring up a proper transcript.—*Hardee v. Abraham,*
133 Ala. 341.

E. B. & K. V. FITE, for appellee. Counsel discuss the
assignments of error on the merits, but also insist that
the appeal should be dismissed, because taken from a
void judgment.—*Gunter v. Mason,* 125 Ala. 644.

[Robertson v. Southern Railway Co.]

PELHAM, J.—The transcript in this case shows that the summons and complaint filed in the circuit court was originally filed in the court of a justice of the peace. The amount claimed is below the original jurisdiction of the circuit court, but the transcript contains nothing showing that the circuit court was exercising appellate jurisdiction and trying the case de novo on appeal from a judgment rendered in the justice's court.

The amount claimed by the appellee in the complaint ($20) is as damages for the failure of appellant to deliver a cook stove delivered to it in the due course of business as a comman carrier. The transcript contains no statement returned to the clerk of the circuit court signed by the justice of the peace of the case or of any judgment rendered by him (Code §4716), nor does the transcript show an appeal bond. There is nothing in the transcript to show that the case was appealed from a judgment rendered by the justice, or that such a judgment was in fact rendered, and as the court is not shown to have been exercising appellate jurisdiction and was without original jurisdiction to act in the premises (Code, § 3255, subd. 1), there is no legal judgment to sustain the appeal, and a dismissal must be ordered.—*Gunter v. Mason*, 125 Ala. 644, 27 South. 843.

Appeal dismissed.

### *Damage for Delay in Delivering Goods.*

