# Planters Trading Company *v.* Moore.

*Assumpsit.*

(Decided May 1, 1913.   62 South. 302.)

1. *Appeal and Error; Appearance; Waiver.*—A voluntary appear-
ance is a waiver of notice of appeal, and after made, an objection
for want of notice comes too late.

2. *Partnership; Instructions.*—Where the action was for work
and labor for a partnership commenced by original attachment levied
upon certain logs alleged to belong to the partnership, and a third
party interposed a claim under a mortgage executed by one of the
partners to him, a charge asserting that if the logs were purchased
by the partners for the partnership, or purchased jointly by the
partners, the title thereto is in them, and that a mortgage by one
alone would not pass title to the mortgagee, or at the most would
pass only the mortgagor's interest unless the mortgagor sold his
half interest therein, was objectionable as being confusing, and was
also erroneous, since if the defendants were partners engaged in
the logging business, and the logs were purchased for such partner-
ship, a sale to claimant by one of the partners alone would pass
the partnership title to claimant under some circumstances which
certain theories of the evidence tended to support.

3. *Same; Partnership Property; Transfer by One Partner.*—A
transfer by a partner of his interest only in the partnership property
merely entitles the transferee to receive such partner's share of
what may remain after a settlement of the partnership affairs, and
the payment of the partnership debt.

APPEAL from Coffee Circuit Court.

Heard before Hon. J. N. HAM, Special Judge.

Action by W. J. Moore begun by attachment against
Wise & Williams, in which the Planters' Trading Com-

pany interposed as claimants. Judgment for plaintiff and claimants appeal. Reversed and remanded.

The evidence for plaintiff tended to show that the property levied on by attachment was the property of Wise & Williams, attachment having been levied upon certain property as the property of said Wise & Williams on June 8, 1908. The claimants claim under a mortgage executed March 28, 1908, by Wise to the Planters' Trading Company covering all this personal property. The court gave the following charge to the plaintiff: "If the jury reasonably believe from the evidence in this case that at the time the trees or logs in question were purchased M. D. Wise and Williams were partners engaged in the logging business, and they were purchased for said partnership, or if said logs were purchased jointly by M. D. Wise and J. S. Williams, then, in that event, the title to said logs when cut passed into Wise & Williams, and in such event a sale of said logs by M. D. Wise alone to Planters' Trading Company could not have the effect of passing the title to said logs into the Planters' Trading Company, and at the most such a sale could only pass the one-half interest of said Wise to said Planters' Trading Company, unless the jury are further satisfied that in the transaction between Wise and Lindsey at Samson said Wise sold to said Planters' Trading Company his half interest therein."

J. A. CARNLEY, for appellant. By appearing and consenting to a continuance, appellee waived notice of appeal and a motion made to dismiss comes too late.— Webb v. Robbins, 77 Ala. 180; Street v. Street, 133 Ala. 333; Martin Mach. Wks. v. Miller, 132 Ala. 632. A judgment nuc pro tunc is a final judgment from which an appeal will lie.—Section 2837, Code 1907; Ex parte

[Planters Trading Company v. Moore.]

*Gilmore,* 64 Ala. 234. The charge given for plaintiff was erroneous.—*Austin v. Hieronymous Bros.,* 117 Ala. 620; *Searight v. The State,* 160 Ala. 33; *T. C. I. & R. R. Co. v. Gandy,* 160 Ala. 594. Charge 6 was improperly given.—*W. U. T. Co. v. Benson,* 159 Ala. 254; 154 Ala. 556; 153 Ala. 386; 152 Ala. 9; 144 Ala. 106; 120 Ala. 360.

W. W. SANDERS, for appellee. It is admitted that the motion came too late to dismiss the appeal, as it was made after an appearance and agreement for continuance. Where the question is not objected to until after it is answered, it comes too late.—5 Mayf. 418. The court will indulge the reasonable presumption that there was evidence tending to support the postulates of a charge where the bill of exceptions does not purport to contain substantially all the evidence.—*Wadsworth v. Williams,* 101 Ala. 264. Where a charge is deemed to be misleading, it will not work a reversal unless it appears that the jury were misled to the prejudice of the party complaining.—*Salmon v. Roundtree,* 24 Ala. 458; *Johnson v. Boyles,* 26 Ala. 578. Where the affirmative charge might have been given for the successful party, error cannot be predicated on the giving or refusing of other charges.—*Johnson v. Phil. Co.,* 129 Ala. 522; *Bienville v. Mobile,* 125 Ala. 178; *Bolling v. M. & M. Co.,* 128 Ala. 556.

THOMAS, J.—The appellee, Moore, commenced suit for work and labor done against Wise & Williams in. the justice of the peace court by original attachment, which was levied upon certain logs alleged to belong to the defendants. The appellant, the Planters' Trading Company, interposed a claim to the property by executing the required statutory bond and affidavit. The

claimants were successful in the justice court, where-upon plaintiff appealed to the county court of Coffee county.

The notice of appeal as provided by law was not given; but the bill of exceptions affirmatively recites that the claimant had entered a general appearance, and that the cause had been continued several times after such appearance before any question was raised by claimant as to the notice not being given; and the record proper shows that the motion to stay the proceedings until or dismiss the appeal unless the notice was given was only filed on July 9, 1909, the date of the judgment, whereas the appeal was taken on June 30, 1908; and the record shows further that on July 7, 1908, the claimant made a motion to require the plaintiff to give a good and sufficient appeal bond, which was then done. Hence we find no conflict between the recital of the bill of exceptions and the showing of the record proper on this subject, as is claimed. After a voluntary appearance an objection for want of notice of appeal comes too late.—Citations under section 4717 of the Code.

We are of opinion, however, that the trial court erred in giving at plaintiff's request written charge No. 2, assigned as error. The reporter will set out this charge. It is not only highly confusing and misleading, but is also not a correct exposition of the law. If Wise & Williams were partners, engaged in the logging business, and the logs were purchased for such partnership, as the charge hypothesizes, and which there was some evidence tending to show, then a sale to claimant of said logs by Wise alone under some circumstances which certain theories of the evidence tend to support would pass the partnership title to the claimant.

The charge asserts to the contrary, and is otherwise faulty in charging that if there was a partnership between Wise and Williams a sale by Wise of his interest alone in logs owned by the partnership would confer on the purchaser a title to a one-half undivided interest in the property. This is not the law. A transfer by a partner of only his interest in the partnership property merely entitles the transferee to receive such partner's share of what may remain after a settlement of the partnership affairs and the payment of the partnership debts.—22 Am. & Eng. Ency. Law (2d Ed.) 104, 105. The latter mentioned defect of the charge was probably not injurious to claimant, but the former undoubtedly was.

It is unnecessary to point out other vices of the charge, or those of charges one and three, which are condemned. Any error, if there was error, in the proceedings leading to the entry of the judgment nunc pro tunc, need not be considered.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.