# Central of Georgia Ry. Co. *v.* Coursen.

*Failure to Deliver Baggage.*

(Decided June 10, 1913. 62 South. 977.)

*Judgment; Validity; Jurisdiction.*—Where the transcript on appeal from the circuit court shows that the amount sued for was less than the minimum fixed as the original jurisdiction of that court by subdivision 1, sec. 3255, and does not show that the suit was originally instituted in a court having jurisdiction, and taken to the circuit court on appeal, the judgment thus shown is void, and can neither be affirmed nor reversed, and hence, the appeal must be dismissed.

APPEAL from Russell Circuit Court.

Heard before Hon. MIKE SOLLIE.

Action by T. M. Coursen against the Central of Georgia Railway Company, for damages for failure to deliver baggage. Judgment for plaintiff and defendant appeals. Appeal dismissed.

G. L. COMER, for appellant. No brief came to the Reporter.

J. W. KELLEY, and GLENN & DEGRAFFENRIED, for appellee. No brief came to the Reporter.

[Central of Georgia Railway Co. v. Coursen.]

PELHAM, J.—The complaint set out in the transcript shows that the suit brought by the appellee as plaintiff in the circuit court was for damages for failure of the defendant as a common carrier to deliver certain baggage, and the amount claimed is $33.20. The record entry shows a judgment by the circuit court in favor of the plaintiff for $28.20, and the appeal is certified as coming from the circuit court. The amount claimed is below the original jurisdiction of the circuit court, and there is absolutely nothing in the record to show that the suit was originally instituted in a court having jurisdiction, and that the circuit court was exercising appellate jurisdiction in trying the case and rendering the judgment from which this appeal is prosecuted. The complaint and pleas as set out in the transcript appear to have been originally filed in the circuit court, and that court was without original jurisdiction to try the case and render judgment therein.—Code, § 3255, subd. 1. The transcript fails to show a legal judgment rendered by a court with jurisdiction in the premises, and, as a void judgment can be neither affirmed nor reversed (*Adams v. Wright*, 129 Ala. 305, 30 South. 574), a dismissal of the appeal must necessarily follow (*Ill. Cent. R. R. Co. v. Burleson*, 4 Ala. App. 384, 59 South. 230; *Gunter v. Mason*, 125 Ala. 644, 27 South. 843).

Appeal dismissed.