# Doyle *v.* City of Mobile.

## *Violating Municipal Ordinance.*

(Decided April 6, 1915.   68 South. 494.)

*Appeal and Error; Judgment to Support.*—Where the transcript of appeal was certified to contain all the record, and it nowhere appeared therefrom that the cause on trial was appealed from a recorder's court, and the city court not having original jurisdiction in cases for the violation of city ordinances, and no appeal bond appearing as required by section 1217, Code 1907, the judgment rendered was a nullity and would not sustain an appeal.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

W. M. Dole was convicted for violating an ordinance of the city of Mobile, and he appeals.   Appeal dismissed.

JESSE F. HOGAN, for appellant.   Counsel discusses the errors assigned, with citation of authority, but in view of the opinion it is not deemed necessary to here set it out.

ROBERT H. SMITH, for appellee.   The transcript does not show that the city court was exercising appellate jurisdiction, and as the prosecution was for violation of a city ordinance, the court was without jurisdiction and the judgment a nullity.   The appeal should be dismissed.

PELHAM, P. J.—The errors complained of in the assignment of errors, upon an examination of the entire

cause, do not appear to us to require a reversal, as they do not present any erroneous ruling of the trial court that has probably injuriously affected the substantial rights of the appellant. The record before us, however, does not authorize a discussion of the points undertaken to be presented.

The transcript shows an affidavit made before the acting recorder of the city of Mobile, charging one W. M. Doyle with having violated a municipal ordinance of the city of Mobile, and a warrant issued by said acting recorder commanding the said Doyle to be arrested and brought before the acting recorder for trial. The transcript also shows a complaint against the defendant charging a violation of an ordinance of the municipality filed in the city court of Mobile, but the transcript contains no bond taking an appeal from the judgment of the recorder's court, as is required by law as a prerequisite for taking such an appeal.—Code, § 1217.

The record shows a certificate of the clerk of the city court certifying that the transcript contains all of the record and proceedings in the case, but it contains nothing showing that the city court of Mobile was exercising appellate jurisdiction, trying the case de novo on appeal from a judgment rendered in the recorder's court, or that the case was in fact ever tried and a judgment rendered in the recorder's court. As the court is not shown to have been exercising appellate jurisdiction and was without original jurisdiction to determine the issues and render judgment, there is no legal judgment to sustain the appeal, and under the established rule a dismissal must be ordered.—*Gunter v. Mason,* 125 Ala. 644, 27 South. 843; *Ill. Cent. R. R. Co. v. Burleson,* 4 Ala. App. 384, 59 South. 230; *Cent. of Ga. Ry. Co. v. Coursen,* 8 Ala. App. 589, 62 South. 977.

Appeal dismissed.