# Porter & Co. *v.* Godfrey, *et al.*

### Detinue.

(Decided October 19, 1915. Rehearing denied December 8, 1915. 70 South. 204.)

1. **Detinue; Claim; Affidavit and Bond; Jurisdiction.**—Where the claimant filed no affidavit and gave no bond in the interposition of a claim to personal property seized under a writ of detinue, as required by § 3972, Code 1907, the court is without jurisdiction to render any judgment whatever in the claim proceedings, and a judgment rendered is coram non judice and void.

2. **Appeal and Error; Dismissal; Void Judgment.**—A void judgment in the circuit court will not support an appeal, and one attempted to be taken therefrom will be dismissed.

3. **Detinue; Claim; Affidavit by Defendant Not Claiming.**—Under § 6051, Code 1907, the proceedings between plaintiff in detinue and the substituted defendant is not an independent proceeding, but depends upon a suit against

[Porter & Co. v. Godfrey, et al.]

an original defender, and where the original defender does not make the statutory disclaimer and affidavit, the cause cannot proceed to judgment separately against defendant and the claimant, but in such a case the remedy is to proceed under the provisions of § 3792, Code 1907.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by E. R. Porter Company against E. J. Godfrey and others, with affidavit by defendants of claim by R. L. Hunter. Judgment against plaintiff for costs, after judgment for plaintiff against claimant and claimant's removal by statutory certiorari, and plaintiff appeals. Dismissed.

B. F. REID, for appellant. E. H. HILL, for appellee.

BROWN, J.—The appellant sued out a writ of detinue before a justice of the peace against E. J. Godfrey for the recovery of certain specific personal property which, as the officer's return on the writ shows, was seized under the writ and return thereof made to the justice. The transcript of the proceedings before the justice recites the following: "This cause coming on to be heard, the defendant made and filed an affidavit that R. L. Hunter owns the property or wire sued for, and prayed for process to to issue to said Hunter, whereupon by agreement in open court notice to the said Hunter was waived, and E. H. Hill appeared for Hunter and the case was continued generally until the 9th day of April, by consent of parties."

The transcript further shows that Hunter appeared in person and by his attorney on the 9th of April, 1913, the case was tried and was held under consideration by the justice until the 16th day of April, when judgment was rendered against Hunter for the property, the subject of the controversy here. The time for appeal having expired, Hunter on the 28th day of May removed the case to the circuit court by statutory certiorari, where a judgment was rendered against the appellant for the costs.

(1) It thus appears from the record before us that the issue between the claimant and the plaintiff was tried in the justice court and likewise in the circuit court without the filing of an affidavit by the claimant or the giving of a bond as required by the statute.—Code, § 3792. The interposition of a claim to property levied on in such cases, by the filing of the statutory affidavit and bond, is jurisdictional, and in the absence of this essential step in the proceeding the court is without jurisdiction to render

any judgment whatever; the proceeding is coram non judice and void.—*Hall & Brown Co. v. Haley Furniture Co.,* 174 Ala. 190, 56 South. 726; *Baggett v. Mason,* 145 Ala. 664, 39 South. 728; *Mobile Life Ins. Co. v. Teague,* 78 Ala. 147; *Ballard v. Mayfield,* 107 Ala. 400, 18 South. 29; *House v. West,* 108 Ala. 355, 19 South. 913.

(2) The judgment of the circuit court was therefore void, and will not support the appeal.—*Adams v. Wright,* 129 Ala. 305, 30 South. 574; *Illinois Central R. R. Co. v. Burleson,* 4 Ala. App. 384, 59 South. 230; *Gunter v. Mayson,* 125 Ala. 644, 27 South. 843; *Central of Georgia R. R. Co. v. Coursen,* 8 Ala. App. 589, 62 South. 977; *Baggett v. Mason, supra;* 7 Mayf. Dig. 29.

Appeal dismissed.

## ON REHEARING.

In disposing of this case on original consideration, it was treated as one governed by section 3792, authorizing the institution of a trial of the right of property between the plaintiff in an action of detinue and a third party on the initiative of the third party, who claims the property; and, reaching the conclusion that the effort shown by the record to bring Hunter, the third party, into the case as a claimant was abortive and the judgment against him void, the appeal was dismissed.

(3) The appellant now contends that the case was improperly treated, and that it should be treated under section 6051 of the Code, authorizing the substitution of a third party for the defendant. This statute provides: "The defendant in an action for the recovery of chattels in specie, not claiming title, may at any time before issue joined, make affidavit that a person not a party to the suit, without collusion with him, claims the chattels, or a part thereof, and pray an order that such person be required, on notice, to come in and defend; and thereupon, if such person do not voluntarily come in and make himself a party defendant," the court must cause notice to be given as required by the statute; and provides, further, that if "the person appears and makes himself a party defendant, the defendant may be discharged;" thus authorizing a proceeding in the nature of interpleader, where the original defendant is discharged and the litigation proceeds between the plaintiff and substituted defendant. The first and essential step to bring into the case the substituted defendant and cause him to litigate is that the original defendant

disclaim the property and make an affidavit that a person not a party, "without collusion with him, claims the chattel, or a part thereof." No such disclaimer was made and no such affidavit appears in this record, and the recital in the judgment of the justice quoted in the original opinion falls far short of showing the jurisdictional facts necessary to authorize the court to arrest the proceedings and bring Hunter in as a substituted defendant. The defendant, Godfrey, was not discharged and Hunter substituted for him, but the case proceeded to judgment against both Godfrey and Hunter as a separate suit against each—one designated in the judgment as the "original suit" and the other the "claim suit"—resulting in a judgment for the plaintiff in both cases. The only branch of the case carried to the circuit court was the one against Hunter. The proceedings authorized by section 6051 between the plaintiff and a substituted defendant, like the trial of the right of property, is not an independent proceeding, but is dependent upon the institution of an original suit against an original defendant and the subsequent statutory steps to give the court jurisdiction to substitute a third party as the sole defendant in the case. We do not construe the statute to mean that several distinct parties may be brought in as defendants, thus splitting up the case into several distinct cases, proceeding to judgment against the original defendant as to a part and against the substituted defendant or defendants as to other parts of the property. In such a case, where a third party has a claim to only a part of the property, section 3792 of the Code provides a simple remedy and proceedings for the protection of his rights. It is only when the original defendant disclaims ownership, and, by the statutory affidavit, discloses that a third person, without collusion with him, claims the property, or a part thereof, that such third person may be substituted as a party defendant.—*McMillan v. Nettles*, 7 Ala. App. 416, 60 South. 957; *Howard v. Deens*, 143 Ala. 423, 39 South. 346; *Dumas v. People's Bank*, 146 Ala. 228, 40 South. 964; *Merchants' National Bank v. Bales*, 148 Ala. 282, 41 South. 516; *Carleton v. Kimbrough*, 150 Ala. 618, 43 South. 817; *Hensley v. Orendorff, et al.*, 152 Ala. 599, 44 South. 869. The result is that the efforts disclosed by the record in this case to make Hunter a party and proceed against him, without discharging the original defendant, were abortive, and the judgment rendered against him void.

Application overruled.