# Cornelius *v.* Lowery.

### Assumpsit.

(Decided October 26, 1915.  Rehearing denied December 8, 1915. 70 South. 305.)

**Courts; City; Judgment; Jurisdiction.**—Where the appeal is from a judgment rendered by the city court of Bessemer in an action where the amount claimed was $38.20, and there was nothing in the record to show that the case originated elsewhere, and that the city court of Bessemer was exercising appellate jurisdiction, the appeal will be dismissed since the amount sought to b recovered is less than the minimum amount of which the city court has jurisdiction under Acts 1901, p. 1854, and § 3255, Code 1907.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Assumpsit by S. M. Lowery against Pink Cornelius.  Judgment for plaintiff and defendant appeals.  Appeal dismissed.

BUMGARDNER & STURDIVANT, for appellant.  T. J. REYNOLDS, for appellee.

BROWN, J.—In *Gunter v. Mason,* 125 Ala. 644, 27 South. 843, it was ruled that, unless the jurisdiction of the trial court over the subject-matter in controversy was affirmatively disclosed by the record, the proceedings of the court were coram non judice, and the judgment thereof void, and in the case of *Adams v. Wright,* 129 Ala. 305, 30 South. 574, that a void judgment or decree can neither be affirmed nor reversed, that an

[Hooper v. Herring.]

appeal taken therefrom does not confer jurisdiction upon the appellate tribunal, and the only judgment that can be rendered is one dismissing the appeal. These rulings have been reaffirmed in *Wertheimer v. Ridgeway*, 157 Ala. 398, 47 South. 569; *Gartman v. Lightner*, 160 Ala. 206, 49 South. 412; *Central of Georgia Ry. Co. v. Coursen*, 8 Ala. App. 589, 62 South. 977; *Ill. Central R. R. Co. v. Burleson*, 4 Ala. App. 384, 59 South. 230. The case of *Gunter v. Mason* was one in which the record disclosed the fact that the case originated before a justice of the peace; this fact appearing from a transcript made by the justice and filed in the circuit court, unaccompanied by certificate or appeal bond. In that case the appeal was dismissed ex mero motu, as it was in some of the other cases above cited.

The aggregate amount claimed in the complaint incorporated in this record is $38.20, considerably less than the minimum amount over which the city court of Bessemer is authorized by law to entertain original jurisdiction (Gen. & Loc. Acts 1901, p. 1854; Code 1907, § 3255), and there is nothing in the record to show that the case originated elsewhere, and that the city court was exercising its appellate jurisdiction therein.

The judgment will not support the appeal, and the only judgment that can be here rendered is one dismissing the appeal.

Appeal dismissed.