(80 South. 410)

**MILAZZO v. COMMERCIAL FINANCE CO.
(6 Div. 819.)**

(Supreme Court of Alabama.  Nov. 28, 1918.)

1. JUSTICES OF THE PEACE ☞164(1)—RECORD—NOTICE OF APPEAL—STATUTE.

The notice of appeal required by Code 1907, § 4717, on appeal from justice to circuit court, must affirmatively appear from the record, or a voluntary appearance in the circuit court must be shown, in view of section 4713, providing for appeal upon compliance with statute.

2. JUSTICES OF THE PEACE ☞160(1)—APPEAL—JURISDICTION.

Where there is a failure to serve notice on appellee, on appeal from justice to circuit court, as required by Code 1907, § 4717, the circuit court is without jurisdiction to render judgment against appellee unless there is a voluntary appearance.

3. JUSTICES OF THE PEACE ☞164(1)—RECORD—NOTICE OF APPEAL—WAIVER.

Recitals in judgment of circuit court *held* insufficient to show voluntary appearance of appellee on appeal from justice to circuit court.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Suit in justice court by S. Milazzo against the Commercial Finance Company. On appeal to the circuit court there was judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under Act April 18, 1911 (Acts 1911, p. 450), § 6. Reversed and remanded.

James A. Mitchell, of Birmingham, for appellant.
Leader & Ewing and C. H. Mullins, all of Birmingham, for appellee.

THOMAS, J. The suit was originally brought in an inferior court of Jefferson county, where judgment was rendered for the defendant.

Plaintiff filed bond for appeal (September 28, 1916) to the circuit court, but the record discloses that no notice of the appeal was issued or served personally on defendant, or on his agent or attorney. Judgment in the circuit court, which was for plaintiff, was rendered in the absence of appellant or his counsel.

The record shows that the summons and complaint was filed in the inferior court of precinct 29, a court created in lieu of justices of the peace; that it was made returnable December 20th; and that it was returned in November, 1915, executed.

Among the papers sent up from the inferior court to the circuit court was the following:

"Commercial Finance Company, a Corporation, v. Sam Milazzo. In the Inferior Court of Precinct 29. Comes now the defendant, Sam Milazzo, and by way of recoupment claims of the plaintiff the sum of one hundred dollars. Deedmeyer & Birch, Defendant's Attorneys."

The transcript of the docket of the judge of the inferior court showed the following entry:

"Dates. Disposition of Case. Summons and complaint issued, ret. Dec. 20, 1915. By J. S. Ireland. Dec. 20—15. Continued by agreement till Mar. 22, 1916, Mar. 22—16. Come the parties and after hearing the evidence it is the judgment of the court that plaintiff do not recover of the defendant. Judgment is therefore rendered for the defendant and against the plaintiff as to the cost of this suit. G. M. Taylor, Judge of Inferior Court of Precinct 29. I hereby certify that the above is a true and correct transcript of the above case as the same appears on my docket. B. S. Butler, Clerk of Inferior Court of Precinct 29. Justice's fees, $2.50; depositions, $7.00; constable's fees, $1.00; total, $10.50. Filed in office this 28th day of September, 1916."

The right of appeal to the circuit court from any judgment before a justice of the peace is conditioned upon compliance with the provisions of chapter 105 of the Code, pp. 923, 949, § 4713. Section 4716 thereof requires that when an appeal is taken the justice must return "all the original papers of the cause, together with a statement, signed by him, of the case and the judgment rendered by him, to the clerk of the court to which the appeal was taken," within the time prescribed.

[1] The notice of appeal required by statute to be served on the appellee must affirmatively appear from the record (Hightower v. Crow, 102 Ala. 584, 15 South. 350; Gunter v. Mason, 125 Ala. 644, 27 South. 843; Kane v. Gammell, 50 Ala. 492; Bettis v. Nicholson, 1 Stew. 349; Planters' Trading Co. v. Moore, 7 Ala. App. 393, 62 South. 302; Cornelius v. Lowery, 14 Ala. App. 454, 70

South. 305; Porter v. Godfrey, 14 Ala. App. 566, 70 South. 204; Doyle v. City of Mobile, 12 Ala. App. 622, 68 South. 494), or a voluntary appearance in such cause, in the court to which the appeal is taken, be shown (Gunter v. Mason, 125 Ala. 644, 27 South. 843; Planters' Trading Co. v. Moore, 7 Ala. App. 393, 62 South. 302).

The statute finding its place as section 4717 of the Code of 1907 has remained unchanged since the Code of 1852 (section 2814), and it has been held to be mandatory. Hence the foregoing authorities have application. The statute is that—

"The justice must also issue a notice to the appellee that such appeal has been taken, which must be executed by personal service on him, his agent, or attorney, five days before the return term of the appeal, and must be returned by the constable to the clerk of the court to which the appeal was taken, on or before the second day of the term."

The papers sent by justice courts to circuit courts in perfection of appeals have been regarded, for a limited purpose only, as originals in the latter court, and not as being sufficient, as an appearance in the circuit court (without the notice required), to confer jurisdiction to proceed to judgment. It was held in Freeman v. Bridges, 123 Ala. 287, 26 South. 512, that a demand for a jury trial, included among the papers sent by the justice court to the circuit court, was sufficient to secure the right of trial by jury in such court, and that a cause in which an appeal was sought to be perfected to the circuit court by giving the prescribed bond would not, at the first call, be dismissed therefrom for want of prosecution for failure of the record to show that the notice was given, but on motion would be continued to give a reasonable opportunity for perfection of service of the statutory notice. Murphy v. Wood, 103 Ala. 638, 16 South. 22. This, however, is as far as the courts have gone in the matter; for all the cases hold that the perfection of service, as required by the statute, or a voluntary appearance of the appellee in the circuit court, is a jurisdictional fact necessary to be shown by the record.

[2] Where there is failure of service of notice of the appeal on the appellee, the circuit court is without jurisdiction to render judgment against him, as was done in the cause at bar, unless the record affirmatively shows a voluntary appearance by the appellee in the circuit court, and submission to its jurisdiction to proceed to judgment against him.

[3] Appellee insists that the recitals of the judgment of the circuit court in this cause are sufficient to show such voluntary appearance by appellee. The recitals are to the effect that, this cause being reached upon the docket and called for trial, came the plaintiff by its attorney, and the defendant

failed to appear and insist on his plea or otherwise defend this suit; the plaintiff moved the court to dismiss defendant's plea, and said motion was heard and considered by the court and defendant's plea was dismissed. The defendant failing to appear and further defend this suit, etc., judgment was rendered in favor of plaintiff for the sum indicated.

These recitals do not show statutory compliance with the requirement as to executed notice or the voluntary appearance of appellee in the circuit court. In fact, the record does not show that new pleadings (other than plaintiff's motion) were filed by the parties in the circuit court.

Appellant had the right, by appeal, to review the action of the circuit court in rendering judgment against him. That judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.