(81 South. 656)

Ex parte STATE.

HARDEMAN v. STATE.

(6 Div. 906.)

(Supreme Court of Alabama. April 17, 1919.)

1. CRIMINAL LAW ⬦⇒995(2)—SUFFICIENCY OF JUDGMENT.

Where the minute entry of the court shows a judgment or sentence by the court in accordance with the verdict, a judgment of guilt is sufficiently implied, and a judgment of conviction thereon supports an appeal.

2. CRIMINAL LAW ⬦⇒1133—APPEAL—RESERVATION OF OBJECTIONS—VALIDITY OF JUDGMENT—REHEARING.

Where the judgment of conviction in a criminal case is insufficient to support an appeal, the Attorney General may insist, on rehearing, that the judgment is void and is not estopped by his failure to raise the objection in the first instance.

Certiorari to Court of Appeals.

Bob Hardeman was convicted of manslaughter in the first degree. The judgment was reversed and the case remanded (81 South. 449) and the State petitions for certiorari. Writ denied.

J. Q. Smith, Atty. Gen., for the State.
Pinkney Scott, of Bessemer, for appellee.

PER CURIAM. [1] We have examined the petition for certiorari and are of the opinion the writ be, and it is hereby, denied. We wish to say that the judgment entered in the lower court in the case of State v. Bob Hardeman was sufficient to support an appeal. A consideration of such judgments will be found in Talbert v. State, 140 Ala. 96, 99, 37 South. 78, where Mr. Justice Dowdell said:

"There is an omission in the minute entry of the judgment of a formal adjudication of the defendant's guilt upon the verdict rendered. The minute entry, however, shows a judgment of sentence by the court in accordance with the verdict. In Ex parte Roberson, 123 Ala. 103 [26 South. 645, 82 Am. St. Rep. 107], it was said that this sufficiently implies the judgment of guilt and is a judgment of conviction which would even support an appeal. On the authority of that case, and other cases there cited, we hold the judgment sufficient." Wilkinson v. State, 106 Ala. 23, 17 South. 458; Driggers v. State, 123 Ala. 46, 26 South. 512; Gray v. State, 55 Ala. 86; Ex parte Rodgers, 12 Ala. App. 218, 225, 66 South. 1011.

[2] Had the judgment in question been void and insufficient to support an appeal, the Attorney General, in failing, on submission of the cause and in his argument in first instance, to challenge the sufficiency of such judgment, would not be estopped to make the insistence on rehearing that the judgment was void. The lack of jurisdiction will be considered by the court ex mero motu, or at the instance of the Attorney General, regardless of the former position taken in his argument by that state official as to said judgment. The necessity for an order, judgment, or decree that will support an appeal to this court is jurisdictional and cannot be waived; unless such an order, judgment, or decree appears in the transcript, the appeal will be dismissed, although the parties consent to and insist upon a review of the case by this court. Temple v. Dooley, 196 Ala. 360, 71 South. 683; Hall v. First Bank of Crossville, 196 Ala. 627, 631, 72 South. 171; Meyers v. Martinez, 162 Ala. 562, 50 South. 351; Gunter v. Mason, 125 Ala. 644, 27 South. 843; Adams v. Wright, 129 Ala. 305, 30 South. 574; Ill. Cent. R. R. Co. v. Burleson, 4 Ala. App. 384, 59 South. 230; Cent. of Ga. v. Coursen, 8 Ala. App. 589, 590, 62 South. 977; Roney v. City of Florala, 10 Ala. App. 370, 371, 65 South. 91.

The writ of certiorari is denied.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.