AYERS et al. v. BARBOUR. (5 Div. 460.)

(Court of Appeals of Alabama. Nov. 20, 1923.)

1. Justices of. the peace ⬤⟲208(2)—Statutory certiorari is an appeal by indirection.

Statutory certiorari is an appeal by indirection, and by it proceedings may be removed from justice court to the circuit court, where trial is had de novo as on direct appeal.

2. Justices of the peace ⬤⟲167(3), 203—Appeal or certiorari from a justice of the peace court must not be dismissed, where records fail to show appellee had five days' notice.

In view of Code 1907, §§ 4717, 4720, suit commenced in justice court and removed by defendant to circuit court by appeal or certiorari should not· be dismissed at return term for want of prosecution, when the record fails to show· that appellee had five days' notice of the appeal or certiorari, or that a voluntary appearance was entered.

3. Jury ⬤⟲28(1)—Demand in writing for jury trial by party suing out certiorari from justice of the peace withdrawn only on notice.

A demand in writing for a trial by jury, by the party suing out _certiorari to review the judgment of a justice of the peace, may not be withdrawn without consent of the adversary party, under Acts 1915, p. 939.

4. Jury ⬤⟲25(8)—Demand for jury trial properly indorsed on petition, for certiorari.

It is sufficient to indorse a demand for jury trial on the petition for a writ of certiorari to review judgment of justice of the peace.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action by W. R. Phillips and A. A. Ayers against Rosa M. Barbour. From a judgment for defendant, plaintiffs appeal. Reversed and remanded. ⟨

Reynolds & Reynolds, of Clanton, for appellants.

In cases brought to the circuit court from justice court by appeal or certiorari, notice of appeal or voluntary appearance is necessary. Code 1907, § 4717; Gunter v. Mason, 125 Ala. 644, 27 South. 843; Milazzo Merc.

Co. v. Commercial Finance Co., 202 Ala. 328, 80 South. 410. A demand for jury trial may not be withdrawn without consent of opposite party. Acts 1915, p. 939; Freeman v. Bridges, 123 Ala. 287, 26 South. 512.

G. C. Walker, of Clanton, for appellee.

No brief reached the Reporter.

FOSTER, J. Appellants brought suit in detinue in the justice court of W. R. Baker, a justice of the· peace for Chilton county against appellee, for the recovery of a piano. On June 24, 1922, a judgment was rendered· in the justice court in favor of the plaintiffs (appellants) for the piano, and its alternate value was fixed at $95, and the balance due on the contract of sale was ascertained to be $20. On August 19, 1922, after the expiration of the time for appeal appellee obtained from the circuit judge °a writ of certiorari. No notice of the certiorari was served on either of the plaintiffs or on their attorneys of record. No appearance for the plaintiffs was made in the circuit court. The petitioner demanded a trial by jury in the circuit court. On November 21, 1922, the cause was dismissed by the court, and the court, without the intervention of a jury, rendered judgment against the plaintiffs for the piano.

·[1] Statutory certiorari is nothing more or less . than ´ an appeal by indirection. The proceedings are removed from the justice court by this writ into the circuit court, where the trial is had de novo just as on direct appeal. Smith v. Atlanta Guano Co., 132 Ala. 586, 31 South. 490; Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 South. 341; Roddam v. Brown et al., 201 Ala. 109, 77 South. 403.

[2] In all cases brought to the circuit court by appeal or certiorari from justice courts, five days' notice of the appeal must be given the appellee, his agent, or·attorney. Sections 4717 and 4720, Code 1907. And notice of appeal required by the statute to be served on appellee must affirmatively appear from the record. Milazzo v. Com. Fin. Co., 202 Ala. 328, 80 South. 410, and authorities there cited. ´

A suit commenced in justice court and removed ´by the defendant to the circuit court by appeal or certiorari should not be dismissed at the return term of the appeal for want of prosecution, when the record fails to show that the appellee, his agent, or attorney had five days' notice of the appeal or certiorari, as required by the´ statute, or´ that a voluntary appearance was entered, but the cause should be continued in´ order that proper notice may be given. Murphy v. Wood, 103 Ala. 638, 16 South. 22; Gunter v. Mason, 125 Ala. 644, 27 South. 843; Milazzo v. Commercial Finance Co., 202 Ala. '328, 80 South. 410.

[3, 4] A demand in writing for a trial by jury by the party suing out the certiorari may not be withdrawn without the consent of the adversary party. Acts 1915, p. 939; Freeman et al. v. Bridges, 123 Ala. 287, 26 South. 512. And it is sufficient to indorse a demand for a jury trial on the petition for the writ of certiorari. Freeman et al. v. Bridges, supra.

The plaintiffs had no notice of the certiorari, a voluntary appearance was not entered, and the court was without authority to hear and determine the cause. Milazzo v. Commercial Financial Co., supra.

For the errors indicated, the judgment of the circuit court is reversed, and the cause is remanded.

· Reversed and remanded.