**COOLEDGE et al. v. McARDLE.**   *(6 Div. 98.)*

(Supreme Court of Alabama. April 24, 1924.)

**1. Courts ☜190(4)—Motion to quash writ and voluntary appearance held waiver of statutory notice.**

By filing motion in circuit court to quash writ of certiorari for review of judgment in municipal court and voluntarily appearing movants waived five days' notice required by Code 1907, § 4720, and submitted to court's jurisdiction.

**2. Payment ☜60(1)—Plea alleging payment of debt before suit in practically Code form held good defense.**

That defendant paid debt or demand on which suit was brought before commencement thereof *held* good defense, as plea of payment practically in Code form No. 35 (Code 1907, p. 1202).

**3. Pleading ☜123—Plea of not guilty of matters alleged held general issue and not demurrable.**

Plea of not guilty of matters alleged *held* general issue almost verbatim in Code form No. 34 (Code 1907, p. 1201), and hence not demurrable (Code 1907, § 5383, form 4).

**4. Appeal and error ☜843(4)—Overruling of demurrers to pleas mentioned in single assignment of error in like rulings thereon not considered if proper as to any.**

If court properly overruled demurrers to any pleas mentioned in single assignments of like rulings on different demurrers to different pleas as error, rulings on demurrers to other pleas need not be considered on appeal.

**5. Appeal and error ☜1078(3)—Rulings not insisted on and argued in appellant's brief treated as waived.**

Rulings on demurrers to pleas will be treated as waived, where not insisted on and argued in appellant's brief.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by A. H. Cooledge and H. M. Mauch, composing the partnership of the Southern Finance Company, against Frank McArdle. Judgment for defendant, and plaintiffs appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

D. D. Trimble, of Birmingham, for appellants.

Five days' notice of appeal by certiorari is required. Code 1907, § 4720; Gunter v. Mason, 125 Ala. 644, 27 South. 843; Hightower v. Crew, 102 Ala. 584, 15 South. 350; Martin v. Higgins, 23 Ala. 775. There was error in rulings on pleadings. Burns v. Reeves, 127 Ala. 127, 28 South. 554; Conner v. Smith, 88 Ala. 300, 7 South. 150; Sledge v. Swift, 53 Ala. 110; Drennen v. Gilmore, 132 Ala. 246, 31 South. 90, 90 Am. St. Rep. 902.

William S. Pritchard, of Birmingham, for appellee.

Appellant made personal appearance in the circuit court. Milazzo v. Comm. Fin. Co., 202 Ala. 328, 80 South. 411.

MILLER, J. This suit was commenced by the Southern Finance Company, a partnership composed of A. H. Cooledge and H. M. Mauch, against Frank McArdle in the municipal court of Birmingham. That court rendered judgment in favor of the plaintiff, and it was brought by writ of certiorari and supersedeas bond from said municipal court to the circuit court. The cause was tried de novo in the circuit court by the court without a jury, and judgment was rendered in favor of the defendant, from which judgment the plaintiffs prosecute this appeal.

[1] The plaintiffs insist the court erred in trying this cause because this municipal court is a court with the jurisdiction of a justice of the peace, and no notice of the appeal by the defendant from the judgment by certiorari was given to them as section 4720 of the Code of 1907 requires. The five days' notice of the certiorari required by this section does not affirmatively appear from the record to have been given to the plaintiff; but the plaintiffs waived this notice by voluntarily appearing in the circuit court and prosecuting the suit.

The plaintiffs on June 14, 1921, filed in the circuit court written motion to quash the writ of certiorari. This motion does not mention plaintiffs had not been served with notice of the certiorari; but on October 11, 1922, the plaintiffs amended the motion to quash the writ of certiorari by adding additional grounds in which they state "no notice of the certiorari was served upon them." However, it appears the plaintiffs prior to this, on June 14, 1921, filed in the cause in the circuit court a complaint containing two counts, which was signed by their attorney. The plaintiffs by filing this motion on June 14, 1921, and the complaint on June 14, 1921, in the circuit court in this cause, both sign-

ed by their attorney, voluntarily appeared in the circuit court, waived thereby the five days' notice allowed them under the statute (section 4720, Code 1907), and submitted to the jurisdiction of the court. Milazzo v. Comm. Finance Co., 202 Ala. 328, 80 South. 410; Hightower v. Crow, 102 Ala. 584, 587, 15 South. 350.

There are two counts in the complaint. Plaintiffs claim in count 1 $32.25. They aver they are engaged in business of buying wages of railroad men; that defendant made written application to them to sell his account for wages already earned for July and August, 1920, from the Tennessee Coal, Iron & Railroad Company; and they aver they accepted the application. The defendant transferred and assigned the account for wages in writing to them, and the defendant collected this said money due him from the Tennessee Coal, Iron & Railroad Company, which belonged to the plaintiffs, and the defendant failed and refused to turn it over to plaintiffs. This count contains a copy of the written application, and the written transfer of the account for the wages, which were signed by the defendant. In count 2 plaintiffs claim of the defendant $30 damages for money obtained by the defendant from the plaintiffs by means of false representations. The counts of the complaint were amended by adding these words, "and that said defendant has wrongfully and willfully converted the same to his own use"; and the complaint was amended by stating the names of the individuals composing the firm or partnership of Southern Finance Company.

The defendant filed pleas numbered 2, 3, 8, 9, and 11 to count 1 before and after it was amended. The plaintiffs filed demurrers to each of these pleas, and these demurrers to each plea were overruled by the court as filed to this count numbered 1 before and after it was amended.

The fourth assignment of error reads as follows:

"The court erred in overruling plaintiffs' demurrer to plea 2, 3, 8 and 9, as addressed to count 1 of the complaint as amended."

The second assignment of error is the same as the fourth, except it does not contain the last two words, "as amended."

[2, 3] Plea 2 is as follows:

The "defendant * * * for answer to the complaint * * * and to each count thereof separately and severally saith: * * * (2) That as a defense to the action of the plaintiff that defendant has paid the debt or demand upon which this suit is brought and that same was paid before the commencement of the action."

This plea sets up good defense to count 1 as originally filed and as amended. It is a plea of payment practically in Code form (No. 35, p. 1202, Code 1907), and is not subject to the grounds of the demurrer assigned to it (section 5383, Code 1907; Barbour v. Washington Fire & Marine Ins. Co., 60 Ala. 433; Stull v. Daniel Mach. Co., 207 Ala. 544, headnote 4, 93 South. 583). Plea 3 has the same general heading as 2 down to "2," and then reads: "(3) That he is not guilty of the matters and things alleged therein." This plea is general issue, almost verbatim in Code form (No. 34), and the court did not err in overruling the demurrers to it (section 5383, Code 1907, form No. 4).

[4] It is not necessary for us to discuss and decide whether the court erred in overruling demurrers to pleas 8 and 9. The appellant by assignments of error numbered 4 and 2, copied above, assigns in each as one error four separate rulings of the court on four different demurrers to four different pleas. If the court properly overruled the demurrers to any one of the pleas mentioned in the assignments of error numbered 4 or 2, then this would render it unnecessary for us to consider the rulings of the court on the demurrers to the other pleas. The court must err in all the rulings on the demurrers to all the pleas (Nos. 2, 3, 8, and 9), mentioned therein, to sustain the error in assignment numbered 4 or 2, as assigned by appellant. Pleas 2 and 3 are sufficient. The court properly overruled the demurrers to each of them, as hereinbefore shown, so we will not consider and pass on the rulings of the court on the demurrers to pleas 8 and 9. Ashford v. Ashford, 136 Ala. 631, headnote 9; 34 South. 10, 96 Am. St. Rep. 82; City of Montgomery v. Moon, 208 Ala. 472, headnote 3, 94 South. 337; Hall v. Pearce, 209 Ala. 399, headnote 6, 96 South. 608; Beason v. S. C. W. O. W., 208 Ala. 276, headnote 6, 94 South. 123.

[5] The court overruled the demurrers of plaintiffs to plea 11 filed to count 1 before and after it was amended. These rulings of the court are assigned as errors, separately, in assignments of error numbered 3 and 5; but they are not insisted on and argued in brief of appellant, so this court will not consider them. They will be treated as waived. Henry v. Hall, 106 Ala. 86, headnote 10, 17 South. 187, 54 Am. St. Rep. 22; Memphis, etc., R. R. Co. v. Martin, 131 Ala. 270, headnote 7, 30 South. 827; North. Ala. R. R. Co. v. Counts, 166 Ala. 550, headnote 2, 51 South. 938.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.