[Captain v. The State.]

# Captain *v.* The State.

### *Violating Prohibition Law.*

(Decided February 3, 1914.  Rehearing denied February 11, 1914.
64 South. 639.)

*Intoxicating Liquors; Unlawful Possession; Affidavit; Jurisdiction.*—Under section 32, Acts 1909, p. 92, a prosecution for violating the prohibition law, in the absence of an objection in the circuit court, may proceed to judgment upon the affidavit, without the filing of a statement of the cause of complaint, as required by section 6730, Code 1907, in trials de novo in that court; and the affidavit being sufficient in form and substance, gave the court jurisdiction.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Sarah Captain was convicted of violating the prohibition law and she appeals.  Affirmed.

C. S. McDOWDELL, JR., for appellant.  No statement was filed by the solicitor of the cause of complaint, and there was no waiver of filing thereof.—*Moss v. State,* 42 Ala. 546; *Spicer v. State,* 69 Ala. 163; *McGhee v. State,* 22 South. 113; sec. 6730, Code 1907; *Haynes v. State,* 5 Ala. App. 167.  Counsel discusses other assignments of error, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  Section 6730, Code 1907, is not applicable to trials for violation of the prohibition law, it having been superseded by section 32, Acts 1909, p. 92.—*Fitzpatrick v. State,* 169 Ala. 1; *Sapp v. State,* 2 Ala. App. 190.  The evidence was sufficient to sustain a conviction for the offense charged.—*Wright v. State,* 156 Ala. 108; *Turner v. State,* 99 Ala. 57; *Grant v. State,* 97 Ala. 35.

[Cravey v. The State.]

THOMAS, J.—The failure of the solicitor to file a statement as required by section 6730 of the Code is urged as error; but it was held, in the case of *Anna Lee v. State, infra,* 64 South. 637, not to constitute such where, as here, the prosecution was for a violation of the prohibition laws, and was begun by affidavit and warrant, and there was no objection in the lower court to the failure of the solicitor to file such statement. The affidavit, upon which the trial was had without objection, followed the form prescribed by law for charging the offense. Under section 32 of the Fuller Bill, this was sufficient to sustain the jurisdiction of the circuit court.—*Anna Lee v. State, infra,* 64 South. 637.

The other questions raised by the record are so clearly without merit that they are not insisted upon in brief, are neither new nor novel, and are not of such interest as to require discussion.

The judgment of conviction is affirmed.

Affirmed.

## *Violating Prohibition Law.*

