# Lee v. The State.

## Violating Prohibition Law.

(Decided February 3, 1914. Rehearing denied February 11, 1914. 64 South. 637.)

1. *Intoxicating Liquors; Unlawful Prosecution; Affidavit.*—Under section 32, Acts 1909, p. 92, where prosecution for violating the prohibition law was begun by affidavit, in the absence of an objection in the circuit court, it was not error to proceed with the prosecution therein on the affidavit without filing a statement of the cause of complaint, as required in trials de novo in that court by section 6730, Code 1907.

2. *Same; Evidence; Sufficiency.*—The evidence examined and held sufficient to sustain a conviction for unlawfully storing and having in possession prohibited liquors or beverages in violation of the prohibition law.

3. *Appeal and Error; Recitals of Appeal Bond; Jurisdiction.*—The bail bond requiring accused to appear in the circuit court to answer the charge of violating the prohibition law was sufficient to give that court jurisdiction to try the case.

[Lee v. The State.]

4. *Same; Dismissal; Ground.*—The effect of the failure of the transcript on appeal to show that the circuit court had jurisdiction to entertain the prosecution would be to require a dismissal of the appeal, as the judgment of the circuit court would then be coram non judice.

5. *Same; Trial de Novo; Rules.*—Under section 32, Acts 1909, p 92, the rules referred to as governing appeals from justices to county courts are applicable to the appeal under said act, except in so far as the act otherwise provides.

6. *Statutes; Construction.*—A statute will be so construed if possible as to give every provision therein effect according to the intention of the legislature.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Anna Lee was convicted of unlawfully storing or having in her possession intoxicating liquors or beverages, contrary to law, and she appeals. Affirmed.

C. S. McDOWDELL, JR., for appellant. No statement was filed by the solicitor of the cause of complaint, and there was no waiver of a filing thereof.—*Moss v. State,* 42 Ala. 546; *Spicer v. State,* 69 Ala. 163; *McGhee v. State,* 22 South. 113; sec. 6730, Code 1907; *Haynes v. State,* 5 Ala. App. 167. Counsel discusses the other assignments of error, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Section 6730, Code 1907, is not applicable to trials for violation of the prohibition law, it having been superseded by section 32, Acts 1909, p. 92.—*Fitzpatrick v. State,* 169 Ala. 1; *Sapp v. State,* 2 Ala. App. 190. The evidence was sufficient to sustain a conviction for the offense charged.—*Wright v. State,* 156 Ala. 108; *Turner v. State,* 99 Ala. 57; *Grant v. State,* 97 Ala. 35.

PELHAM, J.—The prosecution was begun by affidavit, and it is not show that objection was made in

the trial court to the failure of the solicitor to file a brief statement of the cause of complaint, as required by section 6730 of the Code, when the trial in that court is de novo, and no ruling of the trial court is shown to have been invoked or made on this question. See *Wright v. State,* 136 Ala. 139, 145, 34 South. 223. Section 32 of the act commonly known as the "Fuller Bill" (Acts Sp. Sess. 1909, p. 92) authorizes prosecutions of this nature to be begun by affidavit, as well as by: indictment, and when so begun to continue, no matter in what court the trial is had, on the original affidavit; and this method of procedure has been recognized as a correct procedure by the Supreme Court under the provisions of the statute cited.—*Fitzpatrick v. State,* 169 Ala. 1, 53 South. 1021.

The affidavit upon which the defendant was tried charged a storing, keeping, or having in possession prohibited beverages for sale or unlawful disposition, as well as charging a sale thereof; and, as there was no evidence of a sale, the trial and conviction was undoubtedly on the theory of an unlawful storing, keeping, or having in possession. The place where the liquors were found was the dwelling house of the defendant, and used exclusively for that purpose.

It is contended by appellant that there was not sufficient evidence of guilt to submit the case to the jury, and that the court was in error in refusing the general charge requested by the defendant. No evidence was introduced in behalf of the defendant, and the evidence for the state, without conflict, showed that the officers found in the defendant's house 64 half pints of whisky, one quart of whisky, four gallons of wine, a large barrel and several "crocus" sacks filled with empty bottles. It was also shown that the defendant had ordered 48 half pints of whisky in another person's name that was

intercepted and seized by the officers the day before the search of the house was made, and that the defendant had made statements in regard to this shipment which had a tendency to disclose a consciousness of guilt in connection therewith. These facts, taken into consideration with the unusual places in the house that the large quantities of liquor were found, some of it rebottled and kept under conditions and in bottles of sizes not usual for private use, and convenient for unlawful disposition, afforded sufficient evidence from which the jury could reasonably draw an inference of the defendant's guilt of the offense charged, and the court properly refused to withdraw that question from the jury.

Affirmed.

### ON APPLICATION FOR REHEARING.

The case of *Haynes v. State*, 5 Ala. App. 167, 59 South. 325, cited by appellant in brief on application for rehearing, was disposed of on the theory that, under a very confused state of the record as shown by the transcript in that case, there was nothing set out tending to show how the circuit court acquired jurisdiction of the case. We are confronted with no such condition in this case, for set out in the transcript before us, in addition to the affidavit and warrant, is a bond executed by the defendant and sureties requiring the defendant to appear in the circuit court that rendered the judgment from which this appeal is prosecuted, and there answer the charge preferred against her. The defendant having a bond to answer the charge in the circuit court, its recitals are sufficient to give that court jurisdiction.—*S. & N. Ala. R. R. v. Pilgreen*, 62 Ala. 305; *Hardee v. Abraham*, 133 Ala. 341, 343, 32 South. 595.

[Lee v. The State.]

Even though the transcript contained nothing show-ing that the circuit court had jurisdiction to try the case, it could result in no benefit to the defendant on this appeal, for the judgment rendered would be coram non judice, and there being no valid judgment to sup-port the appeal, the proper order to be made in this court would be a dismissal of the appeal.—*Gunter v. Mason,* 125 Ala. 644, 27 South. 843; *Adams v. Wright,* 129 Ala. 305, 30 South. 574; *Ill. Cent. R. R. Co. v. Burleson,* 4 Ala. App. 384, 59 South. 230; *Cent. of Ga. Ry. Co. v. Coursen,* 8 Ala. App. 589, 62 South. 977.

The fair and reasonable construction of the provi-sions contained in section 32 of the Fuller Bill (Acts 1909, p. 92), to the effect that, upon appeal from a low-er court to the circuit court the appeal shall be in such form and manner and subject to such restrictions as govern appeals under the Code from justices of the peace or county courts, is that such appeals are made subject to, and are to be governed by, those rules and regulations referred to wherein it is not otherwise pro-vided by that section (32) of the act. The statute must be construed as a whole, and effect given to every pro-vision it contains.—*Hawkins v. L. & N. R. R. Co.,* 145 Ala. 385, 40 South. 293. The plain and unambiguous language of section 32 of this act authorizes prosecu-tions of this nature to be commenced and tried to a conclusion on an affidavit, no matter in what court the trial is had, and this was overlooked in what was said in *Haynes v. State, supra,* with reference to an indict-ment, and the necessity of filing a complaint in the cir-cuit court, and the general rule correctly stated that applied to cases not brought under the influence of this statute.

The application for a rehearing is denied.