# *Ex Parte* Rodgers.

## *Certiorari.*

(Decided January 23, 1915.   67 South. 710.)

1. *Certiorari; Nature.*—The common law writ of certiorari is an extraordinary writ, affording a review by a court of supervisory powers of the proceedings of an inferior tribunal, or officer, exercising judicial functions, where they proceed in a summary manner, and not in accordance with the common law.

2. *Same; Right to Writ.*—While a writ of certiorari is granted as a matter of right in criminal proceedings on application by the state, this is not the rule as to individuals; in the latter case, the writ is either granted or denied under the circumstances of each particular case in the discretion of the court.

3. *Same.*—In granting or refusing the writ of certiorari, the discretion of the court is a sound judicial discretion, to be exercised

within the settled legal principles applicable, and the writ will not be awarded unless its issuance is necessary to the accomplishment of justice in the particular case.

4. *Same; Grounds of Denial.*—Where, as a result of the awarding of the writ of certiorari to an individual, public inconvenience or detriment will likely ensue, or where the party making application for its issuance has been guilty of laches in protecting his rights, or where other remedies exist adequate to the ends of justice, the writ will not be awarded.

5. *Same; Remedy by Appeal.*—Where a defendant was convicted in a recorder's court and appealed to the circuit court and entered his appearance by virtue of his appearance bond, and the circuit court tried the defendant in accordance with the common law, having original jurisdiction of the offense, and the complaint and affidavit sufficiently charged the offense, and the judgment responded to the charge, such a judgment was in all respects sufficient to support an appeal from such court, and hence certiorari will not be awarded where it is based on the ground that the circuit court was without jurisdiction because the appearance bond was not a sufficient appeal bond.

6. *Same; Existence of Remedy by Habeas Corpus.*—Conceding that the judgment of the circuit court was invalid because no appeal was filed from the conviction in the recorder's court, or that such appeal was not authorized by statute, yet certiorari will not lie to review such judgment, as defendant was in custody under the judgment of the circuit court and habeas corpus furnished an adequate remedy; especially where a grant of the writ and quashing the judgment and proceedings in the circuit court might embarrass the authorities in enforcing the judgment of the recorder.

7. *Courts; General Jurisdiction; Presumptions.*—The circuit court is a court of record and of general superior jurisdiction, and its judgment and proceedings are always presumed regular and founded on jurisdiction duly acquired, unless it affirmatively appears to the contrary.

8. *Judgment; Record.*—Although the judgment of conviction in the recorder's court contained no formal words adjudging the defendant guilty, it is sufficient if such findings are followed by an appropriate sentence, to hard labor for the county in default of the payment of fine and cost.

9. *Appeal and Error; Bond; Necessity.*—Under section 32, Acts 1909, p. 92, and sections 6725 and 6726, Code 1907, the circuit court has jurisdiction of an appeal from a judgment of conviction in a recorder's court of an offense of which it had concurrent jurisdiction, although no appeal bond was given, but only an appearance bond, with which defendant complied. Hence certiorari will not lie to review such judgment.

10. *Same; Bond; Bail.*—Where an appeal is taken from a conviction in a recorder's court to the circuit court, the purpose of the bail bond is not to confer jurisdiction on the circuit court, but to enable the defendant to be released from custody pending the appeal.

ORIGINAL petition in Court Appeals.

Garfield Rodgers was convicted in the recorder's court, and on appeal to the circuit court was also convicted and a sentence imposed, for violation of the prohibition law. He brings certiorari to quash the judgment and sentence of the circuit court. Writ denied.

GLENN & DE GRAFFENRIED, for petitioner. The giving of an appeal bond conditioned and approved as required by law is a condition precedent to taking an appeal.—*Ex parte Reese,* 112 Ala. 62. The lower court was without jurisdiction as appears from the face of the bond, and it was its imperative duty to strike the case from the docket, as jurisdiction cannot be waived.—*Meyer v. Martinez,* 162 Ala. 562. Acts required by the statute in perfecting an appeal are jurisdictional, and must be complied with before the appeal can be entertained.—140 Massachusetts 439; 9 Howard 446; *King v. McCamm,* 25 Ala. 471; *Hinson v. Pressler,* 27 Ala. 643. The fact that the appellate court had concurrent jurisdiction, or original jurisdiction does not change the rule.—*Green v. Castello,* 35 Mo. App. 127. The bond here was not an appeal bond and was void.—*Williams v. The State,* 26 Ala. 85; *Dumas v. Hunter,* 28 Ala. 688; *Durdine v. Mustin,* 33 Ala. 634. No appeal bond was given and consequently no appeal was taken. A void judgment will not support an appeal.—*C. of Ga. Ry. Co. v. Courson,* 8 Ala. App. 589; *Adams v. Wright,* 129 Ala. 305. A writ of error cannot issue.—*Ex parte Knight,* 61 Ala. 482.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, contra. The writ applied for will not lie in this case, as there is a remedy both by appeal, and by habeas corpus, if petitioner's contentions are true.—*Dean v. The State,* 63 Ala. 153; *Ex parte Knight,* 61 Ala. 482; *Taylor v. The State,* 112 Ala. 69; § 6243, Code 1907.

BROWN, J.—The common-law writ of certiorari is an extraordinary writ, and its office is to afford a review by a court of supervisory power of the proceedings of an inferior tribunal or officer exercising judicial functions that proceed in a summary manner and not in accordance with the common law.—4 Enc. P. & P. 10; 3 Am. & Eng. Ency. Law (1st Ed.) 60, 61. While the writ is granted as of right when applied for by the state in criminal proceedings (4 Enc. P. & P. 37), this is not the rule as to individuals. In such cases, the writ will be granted or denied in the discretion of the court, according to the circumstances of each particullar case, as justice may require.—4 Enc. P. & P. 31.

While the discretion the court may exercise in awarding or refusing the writ is not an arbitrary one dependent upon whim or caprice, but is a sound judicial discretion dependent upon the settled legal principles applicable to the case, yet it will not be awarded unless some special cause for it is shown, and its issuance is necessary to the accomplishment of justice in the particular case.—4 Enc. P. & P. 33, 34. It is well settled that the writ will not be awarded to an individual where as a result public inconvenience or detriment will likely ensue, or where the party making application for its issuance has been guilty of laches in the protecting of his rights, or where other remedies exist adequate to the ends of justice.—4 Enc. P. & P. 36, 50- 54; *Independent Publishing Co. v. American Press Ass'n,* 102 Ala. 475, 15 South. 947; *City of Decatur v. Brock,* 170 Ala. 149, 54 South. 209. An application of these principles to the facts disclosed by the petition in this case, and the certified record submitted with it, justifies the refusal of the writ to the petitioner and necessitates the dismissal of the petition.

The prosecution resulting in the conviction of the petitioner was commenced before the recorder of the town of Hurtsboro for a violation of the prohibition law, where the petitioner being arraigned pleaded not guilty and was tried and convicted. From that judgment of conviction he prayed an appeal to the circuit court of Russell county, and on the advice of his counsel, in order to perfect his appeal and avoid incarceration pending the appeal, he procured an order from the recorder fixing the amount of bond to be given, and thereupon gave a bail bond payable to the state and conditioned for his appearance before the circuit court. The jurisdiction of the recorder and the regularity of the proceedings before him were not questioned, except in the particular hereinafter stated. The case was regularly certified to the circuit court by the town clerk, with the original papers, and was there docketed. The petitioner appeared in the circuit court, and by motion to strike the case from the docket, and plea in abatement to the complaint filed by the solicitor embodying the charge in the affidavit, the basis of the prosecution, questioned the jurisdiction of the circuit court to try him for two reasons: (1) Because the bond executed by the petitioner to perfect his appeal and accomplish his release from custody was not an appeal bond, but a mere appearance bond, and its execution was inefficacious to confer jurisdiction upon the circuit court; and (2) that in the judgment rendered by the recorder there was no formal adjudication of the defendant's guilt, and therefore that judgment was void and would not support an appeal. The circuit court overruled the motion to strike, and sustained a demurrer to the plea in abatement, and petitioner, declining to plead further, remained mute, and the court entered a plea of not guilty for him and proceeded to trial in the regular way, resulting in the judg-

ment of conviction of which the petitioner now complains. For the reasons above stated, the petitioner now asserts that the judgment of the circuit court is void for want of jurisdiction apparent upon the record.

The circuit court is a court of record of general superior jurisdiction, and its judgment and proceedings are always presumed to be regular and valid and founded on jurisdiction duly acquired until the contrary definitely appears.—*Roman v. Morgan,* 162 Ala. 133, 50 South. 273; *Hunt's Heirs v. Ellison's Heirs,* 32 Ala. 173, 210. The offense of which the petitioner was convicted was one within the original jurisdiction of the court (Code 1907, § 3255), and the court had jurisdiction of the person, the petitioner being actually present in court in obedience to the obligation he had voluntarily entered into for his appearance to answer the charge, and the court proceeded according to the course of the common law to the trial before a jury duly organized and empaneled, resulting in a verdict of guilty, followed by the judgment of the court thereon.

Although the proceedings under which the court assumed jurisdiction to try the petitioner may not have been regular or sufficient to support the judgment of conviction on appeal, the offense of which he was convicted was one over which the court had original jurisdiction, and the complaint, following the affidavit, sufficiently charged the offense, and the verdict of the jury and the judgment of the court were responsive to the charge. This judgment was sufficient to support an appeal.—Code 1907, § 6244; *Lee v. State,* 10 Ala. App. 191, 64 South. 637; *Anderson v. State,* 130 Ala. 126, 30 South. 375; *Butler v. State,* 130 Ala. 127, 30 South. 338; *Emmonds v. State,* 87 Ala. 12, 6 South. 54. Therefore, if the petitioner, instead of dismissing the appeal to this court which he had sued out from the judgment of con-

viction, thereby obtaining a suspension of the sentence and bail pending the appeal, had prosecuted that appeal and shown that error intervened, he would have been awarded appropriate relief.—*Butler v. State, supra.*

The judgment rendered by the recorder is not void, and, if an appeal is authorized therefrom, is sufficient to support an appeal, as will be instantly shown. Therefore, granting, for the sake of argument, the contention of the petitioner that he did not sue out an appeal therefrom, or that one was not authorized by the statute, and that for this reason the judgment of the circuit court is absolutely void, and will not support an appeal; yet he would not be entitled to the writ of certiorari to quash the judgment. If he is in custody under that judgment, as we must assume that he is, as it was his duty to surrender himself to the proper authorities when he dismissed his appeal to this court, he has an adequate remedy in the writ of habeas corpus to test the validity of the judgment, and if it is void on its face he could be relieved from imprisonment thereunder, and, if shown to be entitled to discharge, an absolute discharge granted; but, if not entitled to an absolute discharge and it should appear that the law required that he be committed to the custody of the public authorities to serve out the sentence imposed upon him by the recorder, this order could be made.—*Bray v. State,* 140 Ala. 177, 37 South. 250; *Ex parte Bizzell,* 112 Ala. 210, 21 South. 371; *Ex parte Dickens,* 162 Ala. 277, 50 South. 218; *Easton v. State,* 39 Ala. 551-554, 87 Am. Dec. 49. On the other hand, if this court issues the writ of certiorari and brings the proceedings and judgment of the circuit court here for review, and renders judgment quashing the proceedings, it would likely result in embarrassing the public authorities in enforcing the judgment pro-

nounced against the petitioner by the recorder of the town of Hurtsboro.

There is another reason for denying the writ and dismissing the petition, and that is the proceedings resulting in the judgment of conviction in the circuit court are in all things regular, and that judgment is valid. Jurisdiction concurrent with county courts and courts of like jurisdiction is conferred by the statute on recorders of cities and towns "of all misdemeanors committed within the city or town, or within the police jurisdiction thereof," with certain limitations not now pertinent.—Code 1907, §§ 1215, 1221. The offense for which the petitioner was prosecuted and convicted was of the class falling within the jurisdiction thus conferred, and the complaint or affidavit, the basis for the petitioner's arrest and trial, was in substantial conformity with the statute regulating such prosecutions.—Gen. Acts, Sp. Sess. 1909, p. § 29½. The petition, and likewise the authenticated record submitted therewith and in support thereof, shows that the petitioner was duly arraigned before the recorder and entered his plea of not guilty, and on that trial was adjudged guilty; the recorder following the form prescribed by the statute for judgments of the county court.—*Driggers v. Cassady,* 71 Ala. 532. Although there is no formal word adjudging the defendant guilty, the findings of the recorder are followed by an appropriate sentence to hard labor for the county, in default of the payment of the fine and costs, which has been repeatedly held sufficient to support an appeal, and as to that matter for all purposes.—*Roberson v. State,* 123 Ala. 57, 26 South. 645; *Ex parte Roberson,* 123 Ala. 104, 26 South. 645, 82 Am. St. Rep. 107; *Wilkinson v. State,* 106 Ala. 28, 17 South. 458; *Driggers v. State,* 123 Ala. 46, 26 South. 512; *Stanfield v. State,* 3 Ala. App. 57, 57 South. 402. From that judgment the petitioner

15 CA

had the right of appeal to the circuit court, and a bond of no character was necessary or prerequisite to the exercise of that right, provided the defendant elected to remain in custody. The statute granting this right of appeal may be found in General Acts of 1909, p. 92, § 32, which in part reads: "If the prosecution is begun before a court or judge as to which or whom no provision is made for a jury trial, the court or judge, if it or he has jurisdiction to try the case and to find the party charged guilty or not guilty, shall proceed with the trial, and if the party charged is convicted, he may appeal to the circuit court or other court of record of like jurisdiction in the county having jurisdiction in cases appealed from the county court, or from a judgment of a justice of the peace in such form and in such manner and subject to such restrictions as govern appeals under the Code of Alabama, from such justices of the peace or county court," etc. ·

Under these statutory provisions, section 6725 of the Code, regulating the right of appeal from judgments of the county courts, is applicable to the case of petitioner, and all that was necessary to confer jurisdiction on the circuit court was for the petitioner to pray the appeal and have the case certified up to the circuit court.— Code, § 6726; *Alford v. State, ex rel., etc.,* 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093; *Lee v. State, supra.*

The purpose of the bail bond authorized by the statute is, not to confer jurisdiction on the circuit court, but to enable the defendant to release himself from custody pending the appeal.—*Alford v. State, ex rel., etc., supra.* When the case is docketed in the circuit court, the statute provides that the trial in that court shall be de novo, without an indictment or presentment of a grand jury; but the solicitor shall file a brief statement

of the cause of complaint, which must be signed by him. —Code, § 6730; *Captain v. State,* 10 Ala. App. 167, 64 South. 639; *Lee v. State, supra.*

The circuit court acquired jurisdiction of the case of the petitioner and proceeded to judgment in strict conformity with law, and the petitioner has no right to complain. The writ of certiorari is therefore denied, and the petition dismissed.

Writ denied and petition dismissed.