(81 South. 179)

## WALKER v. STATE. (5 Div. 293.)

(Court of Appeals of Alabama. Jan. 14, 1919.)

1. CRIMINAL LAW ⊙⟹260(13)—APPEAL FROM SUMMARY TRIAL — AFFIDAVIT — NECESSITY FOR COMPLAINT.

The filing of a complaint in circuit court, as provided by Code 1907, § 6730, is not necessary, in a prosecution for violation of the prohibition laws, begun by affidavit, within Acts 1915, p. 32, § 32, providing that such a prosecution may continue, no matter in what court, upon the affidavit upon which it was originally begun.

2. CRIMINAL LAW ⊙⟹589(5)—CONTINUANCE—GROUNDS—JURY.

In prosecution for violation of the prohibition laws, there was no abuse of discretion in denying defendant's application for continuance, because a confederate jointly indicted with him, after severance, had been tried and convicted by a jury selected from the panel for the

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 16 Ala. App. 347.

week, where all jurors who tried his confederate were excused from the panel, at his own instance, before his jury was selected.

3. CRIMINAL LAW ☞423(3)—EVIDENCE—ACTS OF CONFEDERATE.

In prosecution for violation of the prohibition laws, after evidence had been introduced tending to show that defendant and another were confederates, illegally operating a still, testimony by a witness that defendant's confederate went with him to get a jug of whisky near the still *held* admissible as independent evidence, not in the nature of a confession, tending to prove the corpus delicti.

Appeal from Circuit Court, Elmore County; A. B. Foster, Judge.

Duff Walker was convicted of violating the prohibition laws, and appeals. Affirmed.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

BROWN, P. J. [1] In prosecutions for a violation of the prohibition laws, the statute provides that the prosecution—

"may be begun by affidavit as well as by indictment, and that when begun by affidavit, the person charged shall not have the right to demand that a Grand Jury shall prefer indictment for the alleged offense, *but the prosecution may continue no matter in what court or before what judge the trial shall be had upon the affidavit upon which it was originally begun.*" Acts 1915, p. 32, § 32.

Therefore the filing of the complaint, as provided by section 6730 of the Code of 1907, was not essential to the regularity of the proceedings in the circuit court. Captain v. State, 10 Ala. App. 167, 64 South. 639; Leo v. State, 10 Ala. App. 191, 64 South. 637.

[2] The court did not abuse its discretion in denying the defendant's application for a continuance on the ground that Luster, who was jointly indicted with the defendant for the same offense, after severance, had been tried and convicted before a jury selected from the panel for the week; it appearing that all the jurors on the jury that tried Luster were excused from the panel, at the defendant's instance, before the jury for his trial was selected.

[3] After the prosecution had offered evidence tending to show that defendant and Luster were confederates in the illegal operation of the still, it was permissible for the state to show by Richardson that Luster, in the absence of defendant, went with the witness and got the jug of "wild cat" whisky near the still. This was independent evidence, not in the nature of a confession, tending to prove the corpus delicti. The declarations of Luster while in the act were excluded by the court.

There was ample evidence to justify the submission of the case to the jury, and the affirmative charge was properly refused.

No error appearing on the record, the judgment is affirmed.

Affirmed.