(82 South. 560)

CORKRAN v. STATE. (6 Div. 580.)

(Court of Appeals of Alabama. June 10, 1919. Rehearing Denied July 21, 1919.)

1. INTOXICATING LIQUORS ☞131 — OFFENSES —ATTEMPT TO MANUFACTURE.

Under Prohibition Law of 1915 a mere ineffectual attempt to manufacture whisky was not an offense.

2. CRIMINAL LAW ☞44—ATTEMPTS.

An attempt to commit a misdemeanor, which is purely statutory, and not malum in se, is not indictable as a separate misdemeanor, unless made so by statute.

3. CRIMINAL LAW ☞260(7) — APPEAL FROM COUNTY TO CIRCUIT COURT — BRIEF STATEMENT BY SOLICITOR.

Under Acts 1915, p. 32, § 32, providing that, when prosecution for violation of prohibition law is begun by affidavit, as there authorized, it may continue, in whatever court trial shall be had, on such affidavit, the solicitor on appeal of the case from county court to circuit court need not file a brief statement of the case, as required by Code 1907, § 6730, on such an appeal in other misdemeanor cases.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Victor Corkran was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

The evidence tended to show that the defendant maintained a small outfit consisting of a carbide can, holding about 12 gallons, a wooden cap, and a copper pipe measuring about 14 inches, and that he attempted to make one or two runs, but that he got no further than the singlings, and that was not whisky, and not fit to drink. He testified that he made only one run, and that that got burned up, that he was able to save only one pint, and that that was not fit to drink, and that he poured it out. At the conclusion of the evidence the court, at request of the state, directed a verdict of guilt.

---

E. B. & K. V. Fite and C. E. Mitchell, all of Hamilton, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BRICKEN, J. [1] A careful examination of the entire record in this case and of all the evidence adduced upon the trial in the court below convinces us that the court erred in giving the general affirmative charge for the state. This case is not unlike that of Mixon v. State, 14 Ala. App. 11, 70 South. 949, on authority of which the judgment of the lower court in the case at bar is reversed, and the cause remanded.

[2] An attempt to commit a misdemeanor, which is purely statutory, and not malum in se, is not indictable as a separate misdemeanor, unless made so by statute. Whitesides v. State, 11 Lea (Tenn.) 474; Com. v. Willard, 22 Pick. (Mass.) 476; Rex v. Bryan, 2 Stra. 866.

This case was tried before the adoption of the act approved February 25, 1919, known as the "bone dry law" (and which appears to be very appropriately named). Under that law, it is made unlawful for any person to have, possess, operate, or locate any apparatus, plant, or structure for the distilling or manufacturing of any kind of prohibited liquors or beverages. Pam. Acts 1919, p. 11.

[3] There is no merit in the contention made by defendant's counsel relative to the failure of the solicitor to file a brief statement of the case in the circuit court, as required in other misdemeanor cases, on appeal by se tion 6730 of the Code of 1907. It is expressly provided that all prosecutions for a violation of any of the provisions of the prohibition law, now or hereafter to be enacted, may be begun by affidavit and that when begun by affidavit the prosecution may continue, no matter in what court or before what judge the trial shall be had, upon the affidavit upon which it was originally begun, etc. Acts 1915, p. 32, § 32.

Reversed and remanded.