(84 South. 856)

JONES v. ORR et. al.   (6 Div. 663.)

(Court of Appeals of Alabama.   Jan. 20, 1920.)

APPEAL AND ERROR ⬦1170(7)—ERROR IN ADMITTING EVIDENCE OF LOST NOTE HARMLESS.

Where defendant admitted signing a note and that plaintiffs were his sureties, error in the admission of proof of the contents of the note, which was lost, is harmless, and should be disregarded, under rule 45 (175 Ala. xxi, 61 South. ix) requiring the disregarding of harmless errors.

Appeal from Circuit Court, Jefferson County; A. C. B. Gwin, Judge.

Assumpsit by S. P. Orr and others against R. I. Jones. Judgment for plaintiffs, and defendant appeals. Affirmed.

Estes & Jones, of Bessemer, for appellant.

In support of their contentions that error infected the judgment, counsel cite sections 5384, 5385, 5405, Code 1907; 148 Ala. 519, 41 South. 982; 84 Ala. 560, 3 South. 475, 5 Am. St. Rep. 393; 9 Ala. 391; 8 Port.

529; 121 Ala. 138, 26 South. 19, 77 Am. St. Rep. 34.

E. E. Wilson, of Bessemer, for appellees.

Counsel cite 197 Ala. 567, 73 South. 82; 143 Ala. 336, 39 South. 216; 168 Ala. 658, 53 South. 241; 70 Ala. 326.

SAMFORD, J. Rule 45 (175 Ala. xxi, 61 South. ix) seems to us to have been designed and promulgated for just such a case as this. The defendant induced three of his friends to become his sureties on a promissory note for $100 with waiver of exemptions as to personal property, and providing for the payment of an attorney's fee if not paid at maturity. The defendant took the note to the payee named in the note and got the money on it. He says he only got $70; but, if he got less than its face value, he failed to inform his trusting friends of that fact. He took the money and immediately left for another state, leaving his sureties to pay the note, except that he paid $10 by registered letter, for which he had a post office receipt, and he also claimed to have sent another $20 by registered mail; but for this, unfortunately, he had no receipt, and the payee had given no credit. When the note came due, the defendant being out of the state and failing to pay, demand was made on the three sureties, plaintiffs here, for payment of the balance of $90, which they jointly paid, and the note was delivered to one of them. Effort was made by plaintiffs, through attorneys, to collect the note in other states, and for this purpose the note was sent to first one state and then another; but the defendant seems to have been of a migratory disposition, and all these attempts failed. Finally he was caught with process at Bessemer. The cause of action is set forth in a complaint jointly by the plaintiffs, who jointly paid the note, and who jointly suffered loss by a misplaced confidence in the defendant's willingness or ability to meet his obligations, and who are jointly subrogated to all the rights and remedies of the original creditor. Code 1907, § 5385.

It is true the court may have committed error in permitting proof of the last note, without a more strict proof of the predicate, and a witness should not be allowed to testify from memory, unless it comes within the strict rules laid down for the guidance of the courts in admitting proof of the contents of lost instruments; but these rules are made to protect parties, where the existence and contents of papers are disputed. Where, as in this case, the defendant admits signing the note sued on, that he was the principal, and the plaintiffs were the sureties, the reason for the rule disappears, and the rule with it.

The court, sitting without a jury, rendered judgment for plaintiffs, and we are of the opinion he found truly. There is no reversable error in the record, and the judgment is affirmed.

Affirmed.