(84 South. 878)

RAY v. STATE. (5 Div. 301.)

(Court of Appeals of Alabama. Jan. 20, 1920.)

1. CRIMINAL LAW ⟨⟩1110(8) — RECORD DEFECT CURED BY RETURN TO CERTIORARI SHOWING TRIAL IN COUNTY COURT AND APPEAL.

Where a criminal cause was tried in the circuit court on a warrant and affidavit issued by the county court, defect in the record in not disclosing that a trial was ever had in the county court was remedied by the return to certiorari of the Court of Appeals showing trial and conviction in the county court and a regular appeal to the circuit court.

2. CRIMINAL LAW ⟨⟩995(1)—MISPRISION IN USING "INDICTMENT" IN JUDGMENT ENTRY INSTEAD OF "AFFIDAVIT" DISREGARDED AS NOT INJURIOUS.

Where judgment entry otherwise regular recites that defendant was legally arraigned upon "indictment," which was clearly a misprision, and it should have stated that he was arraigned upon an "affidavit" originally sworn out in the county court, the error will be disregarded; defendant's substantial rights not having been injuriously affected.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. CRIMINAL LAW ☞260(13)—PROVISION FOR SOLICITOR'S FILING BRIEF STATEMENT OF CASE HELD NOT APPLICABLE IN VIOLATIONS OF PROHIBITION LAW.

The provision of Code 1907, § 6730, for the filing of a brief statement in misdemeanor cases in the circuit court by the solicitor does not apply to cases of violation of Prohibition Liquor Laws, § 32.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Lloyd Ray was convicted of violating the prohibition laws, and he appeals. Affirmed.

The case was tried in the circuit court on the warrant and affidavit issued from the county court. So far as disclosed by the record, no trial was ever had in the county court. No statement by the state's counsel was filed. The return to certiorari shows a trial and conviction in the county court and an appeal regularly taken to the circuit court. The evidence shows an attempt to manufacture prohibited liquors, rather than an accomplishment of that purpose.

Grady Reynolds, of Clanton, and Longshore, Koenig & Longshore, of Columbiana, for appellant.

The record will not support the conviction. 5 Ala. App. 167, 59 South. 325. The facts do not support the judgment. Ante, p. 112, 82 South. 560; 14 Ala. App. 11, 70 South. 949.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The certiorari as returned supplies the deficiencies of the record. A brief statement was not essential in this character of case. Ante, p. 3, 81 South. 179; ante, p. 112, 82 South. 560. The facts justified the verdict and judgment. Ex parte State, In re Corkran, 203 Ala. 513, 84 South. 743, overruling Mixon Case, 14 Ala. App. 11, 70 South. 949, and Corkran Case, ante, p. 112, 82 South. 560.

BRICKEN, P. J. [1, 2] The deficiencies and discrepancies in the record complained of by appellant and insisted upon as constituting reversible error were remedied by the returns to the certiorari issued by this court. The record now appears regular in all respects, with the one exception: The judgment entry recites that defendant was legally arraigned upon the "indictment," and for his plea thereto says he is not guilty, etc. The defendant was put to trial in the circuit court upon the affidavit originally sworn out against him in the county court, and, while the judgment entry should have contained the word "affidavit" instead of the word "indictment," it is in all other respects regular in form and substance, and it is clear that this the only discrepancy is due to a clerical misprision, and will therefore be disregarded; it being evident that the substantial rights of the defendant were in no sense injuriously affected in this connection. Haynes v. State, 5 Ala. App. 167, 59 South. 325.

[3] The filing by the solicitor of a brief statement of the case in the circuit court in misdemeanor cases on appeal, as provided by section 6730 of the Code of 1907, is not applicable to cases involving the violation of any of the provisions of the prohibition laws of the state (Acts 1915, p. 32, § 32). Corkran v. State, ante, p. 112, 82 South. 560; Walker v. State, ante, p. 3, 81 South. 179.

The exceptions reserved to the rulings of the court upon the evidence are without merit. Each of these rulings complained of have been examined and are free from error.

No exception was reserved to any portion of the oral charge of the court, and no special charges were refused to defendant.

There was ample evidence offered by the state upon which to base a verdict of guilty. The case of Mixon v. State, 14 Ala. App. 11, 70 South. 949, relied upon by defendant in this connection, has recently been overruled and held to be unsound in the case of Ex parte Cockran v State, 203 Ala. 513, 84 South. 743, December 18, 1919.

The case was properly submitted to the jury for their consideration, and, there being no error, the judgment of the circuit court must be affirmed.

Affirmed.