(102 So. 151)

### SOUTOULA v. STATE. (1 Div. 586.)

(Court of Appeals of Alabama. Nov. 18, 1924.)

**1. Criminal law ⬅➡260(13)—Filing of brief statement by solicitor on appeal to circuit court not required in prosecution under prohibition law.**

Code 1907, § 6730, requiring filing by solicitor of brief statement in circuit court on appeal in misdemeanor cases, does not apply to cases involving violation of prohibition law, in view of Acts 1915, p. 32, § 32.

**2. Witnesses ⬅➡277(5)—Accused may be cross-examined as to motives for doing acts testified to by him on direct examination.**

Accused who testifies in his own behalf may be cross-examined as to his motives or reasons for acts testified to by him on direct examination, though it would not be competent

for him on direct examination to so testify as excuse for his acts.

**3. Criminal law ⬥⇒723(3)—Argument of state's solicitor in prosecution for violation of prohibition law held not to transcend legitimate bounds.**

Statement by state's solicitor in his argument on prosecution for violation of prohibition law that "it is high time that you stopped shinny peddlers and haulers" held not to transcend legitimate bounds of argument.

Appeal from Circuit Court, Mobile County; O. A. Steele, Judge.

Toney Soutoula was convicted of violating the prohibition law, and he appeals. Affirmed.

In his argument to the jury the solicitor for the state remarked: "Gentlemen of the jury, it is high time that you stopped shinny peddlers and haulers." Defendant moved to exclude this statement; the court overruled the motion, and defendant excepted.

C. W. Tompkins, of Mobile, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The defendant was convicted of violation of the prohibition law. The prosecution was commenced by affidavit in the inferior criminal court of Mobile county. The cause was tried in the circuit court upon the original affidavit made in the inferior criminal court.

[1] The requirement that the solicitor file a brief statement of the case in the circuit court in misdemeanor cases on appeal (section 6730, Code 1907) is not applicable to cases involving any violation of the prohibition laws. Acts 1915, p. 32, § 32; Corkran v. State, 17 Ala. App. 112, 82 So. 560; Walker v. State, 17 Ala. App. 3, 81 So. 179; Ray v. State, 17 Ala. App. 334, 84 So. 878; Shaw v. State, 19 Ala. App. 83, 95 So. 210.

The defendant was arrested while driving his automobile in which whisky was found. He was asked on cross-examination: "What was your reason for coming down St. Anthony street, the longer route, when you could come down St. Francis street?" and answered, "I do not think it is any longer; it is just a straight route from where I was coming." Timely objection was made to the question and exception reserved to the court's ruling.

[2] It was permissible on cross-examination of the defendant when testifying as a witness in his own behalf to inquire as to his motives or reasons for his particular acts shown on direct examination, though it would not be competent for him on direct examination to testify to his motives as an excuse for his acts. Linnehan v. State, 120 Ala. 293, 25 So. 6; Yarborough v. State, 115 Ala. 92, 22 So. 534; Patton v. State, 197 Ala. 180, 72 So. 401; Patterson v. State, 156 Ala. 62, 47 So. 52.

[3] The defendant complains that the solicitor for the state in addressing the jury transgressed the limits of legitimate discussion. Our courts have held that, in order that a statement of counsel may come within the rule which prescribes the limits of fair discussion, "the statement must be made as of fact; the fact stated must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury." Cross v. State, 68 Ala. 476. The solicitor did not transcend the legitimate bounds of argument in drawing inferences from facts in evidence and urging a conviction of violators of the prohibition laws.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.