### COLE v. STATE.    (8 Div. 376.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov 23, 1926.)

**1. Criminal law ⬸829(1)—Where given instructions covered every provision of law, refusing requested instruction held not error.**

Where oral charge of trial court was accurate and fair to defendant, and, in connection with other written charges given, covered every provision of law, refusing requested instruction *held* not error.

**2. Homicide ⬸159—Allowing testimony that defendant had shot at deceased husband on another occasion held not error.**

In murder prosecution, allowing witness to testify that he had seen defendant shoot at deceased husband on another occasion *held* not error, since testimony tended to show ill will or a motive.

**3. Criminal law ⬸450—Permitting question regarding what defendant said "in nature of threat" against deceased held not error as to form.**

In murder prosecution, permitting question as to what defendant said "in nature of threat" against deceased at certain time *held* not error, as against contention that question was not

⬸For other cases see same topic and KEY–NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 579.    [2] Ante, p. 70.    [3] Ante, p. 160.

proper form; it being for jury to say whether language used by defendant constituted a threat.

**4. Witnesses ⬷372(2)—Refusal to allow one state's witness to be asked whether he was brother of another state's witness held not prejudicial error.**

Where it did not appear that there was any community of interest existing between two state's witnesses as to outcome of trial, refusal to allow one witness to be asked whether he was brother of other witness *held* not prejudicial error.

**5. Criminal law ⬷390—Refusal to allow witness to testify as to uncommunicated purpose for certain act held not error.**

In murder prosecution, refusal to allow witness to testify as to his uncommunicated purpose in making certain measurement *held* not error where it was not really cross-examination in technical sense.

**6. Criminal law ⬷476—Physician, properly qualified, could testify as to fatality of wounds.**

Physician, being properly qualified, could testify as to fatality of wounds in murder prosecution.

**7. Criminal law ⬷481—Question of qualification of physician as witness addressed itself to sound discretion of court.**

Question of qualification of physician to testify as to fatality of wounds, in murder prosecution, addressed itself to sound discretion of court.

**8. Criminal law ⬷413(1)—Self-serving acts and statements by defendant, not part of res gestæ, held properly excluded.**

Trial court properly refused to allow defendant to show, in murder prosecution, self-serving acts and statements made by her, which were no part of res gestæ.

**9. Witnesses ⬷358—Cross-examination of impeaching character witness to seek basis of his opinion held proper.**

In murder prosecution, it was proper to allow state to test conclusion of impeaching character witness by seeking basis of his opinion.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Bertha Cole was convicted of murder in the second degree, and she appeals. Affirmed. Certiorari denied by Supreme Court in Cole v. State, 110 So. 914.

Bradshaw & Barnett, of Florence, for appellant.

A witness must state facts and not conclusions. Thomas v. State, 18 Ala. App. 314, 92 So. 241; Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am. St. Rep. 17; Knight v. State, 160 Ala. 58, 49 So. 764. It is competent on cross-examination to ask a witness his reason or motive for doing acts testified to by him. Vanderhill's Crim. Evi. (3d. Ed.) § 390; Linnehan v. State, 120 Ala. 293, 25 So. 6; Knox v. State, 18 Ala. App. 358, 92 So. 206.

It is competent to prove by a witness his relation to the main witness for the state. Bigham v. State, 203 Ala. 162, 82 So. 192; Lindsey v. State, 17 Ala. App. 564, 86 So. 86. The qualification of an expert witness must be affirmatively shown; and, where the evidence does not disclose such qualification, the witness is not competent to give his judgment. 22 C. J. 524, 640; Wise v. State, 11 Ala. App. 72, 66 So. 128. Any self-serving act or declaration that is part of the res gestæ may be shown. Underhill, § 166; Mullens v. State, 12 Ala. App. 206, 68 So. 533. Likewise as to declarations of third persons. Jackson v. State, 167 Ala. 44, 52 So. 835. The jury should be put in possession of all facts calculated to affect the credibility of a witness. Ham v. State, ante p. 103, 105 So. 390. On cross-examination of a character witness, it is not proper to inquire as to witness' own knowledge of acts or bad conduct of the witness sought to be impeached. Thompson v. State, 100 Ala. 70, 14 So. 878; Davenport v. State, 15 Ala. App. 325, 73 So. 209.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

There was no error in allowing the witness to testify to having seen defendant shoot on another occasion. Byrd v. State, 209 Ala. 65, 95 So. 655; Lambert v. State, 208 Ala. 42, 93 So. 708; Vann v. State, 207 Ala. 152, 92 So. 182. What defendant said about deceased prior to the killing was relevant. White v. State, 209 Ala. 546, 96 So. 709; Husch v. State, 211 Ala. 274, 100 So. 321. Whether witness was a brother of another witness was irrelevant. Blair v. State, 211 Ala. 53, 99 So. 314; Curb v. Dabbs & Tannehill, 19 Ala. App. 149, 97 So. 109. The discretion of the court was properly exercised in refusing to permit inquiry as to motive of a witness. Watson v. State, 20 Ala. App. 372, 102 So. 492. A physician may testify to the fatality of a wound. Humber v. State, ante, p. 378, 108 So. 646; Sledge v. State, 208 Ala. 154, 93 So. 875. Self-serving acts and declarations of defendant were properly not allowed in evidence; they were no part of the res gestæ. Sexton v. State, 19 Ala. App. 408, 98 So. 705; Howard v. State, 19 Ala. App. 373, 97 So. 377. It is proper to test the conclusion of a witness as to character. Stone v. State, 208 Ala. 50, 93 So. 706.

RICE, J. Appellant was indicted for the offense of murder in the first degree, tried, convicted of the offense of murder in the second degree, and given a sentence of ten years in the penitentiary

It was charged that she killed her husband, George Cole, by shooting him with a

pistol. She denied any connection with the killing, and sought to prove an alibi.

[1] We have carefully read the entire record, and find therein ample evidence to support the verdict returned by the jury. The full, and carefully worded, oral charge of the trial court was very accurate and fair to the defendant. Standing alone, or certainly when taken in connection with the many written charges given at the defendant's request, we think it gave to the jury every provision of law governing such cases as the one on trial. For this reason alone, if for no other, there was no error in refusing to give defendant's requested written charge I.

Appellant's counsel have filed on this appeal two very voluminous briefs, which display a wonderful amount of painstaking effort bestowed on their client's cause. However, as only a comparatively few of the exceptions reserved on the trial seem to call for any discussion from us, we cannot undertake to write to all of the contentions made by the able counsel in their 46 pages of closely typewritten brief and argument.

[2] There was no error in allowing a witness to testify that he had seen the defendant shoot, on another occasion, at deceased. This testimony tended to show ill will, or a motive, on the part of the accused. Byrd v. State, 209 Ala. 65, 95 So. 655.

[3] The argument made as to there being error in the action of the trial court in overruling defendant's objection to the question to the witness Hattie Gray, "What did Bertha Cole say in the nature of a threat against George at the time when Joe told her good-bye?" seems to us to be hypercritical. It was of course for the jury to say whether the language used by the said Bertha Cole constituted a threat or not, but we are unwilling to hold as error the action of the court in allowing the question to be put in this form. White v. State, 209 Ala. 546, 96 So. 709; Husch v. State, 211 Ala. 274, 100 So. 321; Shumate v. State, 19 Ala. App. 340, 97 So. 772.

[4] We can see no prejudicial error in the action of the trial court in refusing to allow one state's witness to be asked whether he was a brother of another state's witness, and this where it did not appear that there was any community of interest existing between the two said witnesses as to the outcome of the trial. In fact, it did not appear that either of said witnesses was interested in any way.

[5] The question put to the witness Weams as to how it was that he came to make a certain measurement was not really cross-examination in the technical sense, and we think the trial court did not abuse the measure of discretion reposed in him by refusing to allow the witness to testify as to his uncommunicated purpose or reason for his actions.

Watson v. State, 20 Ala. App. 372, 102 So. 492; Soutoula v. State, 102 So. 151, 20 Ala. App. 364.

[6, 7] The witness, a physician, was properly qualified to testify as to the fatality of the wounds. Humber v. State (Ala. App.) 108 So. 646.[1] The question of his qualification addressed itself to the sound discretion of the trial court.

[8] The trial court properly refused to allow defendant to show self-serving acts done and statements made by her, which were no part of the res gestæ. Sexton v. State, 19 Ala. App. 408, 98 So. 705.

[9] No prejudicial error can be predicated upon the extent the cross-examination of the impeaching character witness was allowed to go. It was proper to allow the state to test the conclusion of the witness by seeking the basis of his opinion. Stone v. State, 208 Ala. 50, 93 So. 706.

We have made a thorough examination of the whole record, in connection with the able briefs and arguments filed both on behalf of the appellant and the state. We have treated those matters deemed by us not apparently free from error. The appellant appears to have had a fair trial. If slight technical errors occurred, which we do not assert, we are of the opinion that the result of the trial was not influenced thereby.

The judgment should be and is affirmed.

Affirmed.

