(127 So. 912)

**PENSACOLA NASH CO. v. PRESKETT et al.**

**7 Div. 568.**

Court of Appeals of Alabama.
April 22, 1930.

506

London, Yancey & Brower and Al. G. Rives, all of Birmingham, for appellant.

Chas. J. Scott, of Ft. Payne, for appellees.

RICE, J.

This was a statutory detinue suit brought by the Pensacola Nash Company against G. C. Holcomb and G. L. Downer, partners doing business as Holcomb and Downer, for the possession of a Nash automobile. Holcomb and Downer were engaged in the automobile repair business. The automobile had been wrecked by the Presketts and was repaired by Holcomb and Downer.

The Pensacola Nash Company had sold the car, in Florida, to S. O. Preskett, the son of Mr. and Mrs. D. O. Preskett. The Pensacola Nash Company had retained title to the car in a conditional sale contract signed by S. O. Preskett at the time of the sale. Shortly after S. O. Preskett bought the car, he removed it from the state of Florida to the state of Alabama, and his mother, Mrs. D. O. Preskett, claims to have bought the car from her son without notice of the claim of the Pensacola Nash Company. The conditional sale contract was not recorded. The repair bill of Holcomb and Downer was paid by the Pensacola Nash Company, and Holcomb and Downer suggested that D. O. Preskett and Mrs. D. O. Preskett claimed some interest in the property.

D. O. Preskett filed a voluntary appearance in the cause, wherein he disclaimed any interest in the car. Mrs. D. O. Preskett filed a plea in the cause denying that plaintiffs had title to the property or the right to the immediate possession thereof.

The cause was tried in the De Kalb county court as V. J. Vidal, J. Garriga, and Frederick Gillmore, Sr., partners doing business as the Pensacola Nash Company v. Mrs. D. O. Preskett. It does not appear from the record in said cause that Holcomb and Downer were dismissed as parties defendants. The plaintiffs proved title to the property sued for by introducing in evidence a retention of title contract to the car involved, and proved their right to the immediate possession of the prop-erty by showing that at the time the suit was filed the payments due under the contract were delinquent, which, under the terms and conditions of the contract, gave the plaintiffs the right to the immediate possession of the car.

The defense of the defendant Mrs. D. O. Preskett as disclosed by the evidence, was that she had bona fide purchased the car from her son without notice of the claim of the Pensacola Nash Company; however, she does not allege this in her plea.

The jury returned a verdict in favor of the defendant Mrs. D. O. Preskett for the property sued for and ascertained its value to be $500.

A motion for a new trial was filed by the plaintiffs in this cause and the court overruled the said motion, to which action of the court the plaintiffs duly and legally reserved an exception.

Plaintiffs filed an appeal bond to this court, and citation of the appeal was duly served upon the attorney of record for the defendant.

It appears, from the recitals above, which are of all jurisdictional matters shown by the record before us, that the issue between the claimant and the plaintiffs was tried in the lower court without the filing of an affidavit by the claimant or the giving of a bond as required by the statute. Code 1923, § 7403.

The interposition of a claim to property levied on in such cases, by the filing of the statutory affidavit and bond, is jurisdictional, and in the absence of this essential step in the proceeding the court is "without jurisdiction to render any judgment whatever; the proceeding is coram non judice and void." Porter & Co. v. Godfrey et al., 14 Ala. App. 566, 70 So. 204, 205, and cases cited in the opinion therein.

In the opinion on rehearing in this same Porter & Co. v. Godfrey et al. Case, Judge Brown, now Mr. Justice Brown, of the Supreme Court of Alabama, points out how proceedings such as are shown by the record in this case, are entirely ineffective to bring the judgment rendered therein under the life-giving influence of section 10387 of the Code of 1923. And, as the learned judge there said, so may we now say: "The result is that the efforts disclosed by the record in this case to make Hunter [Mrs. D. O. Preskett] a party * * * without discharging the original defendant [s], were abortive, and the judgment rendered * * * void."

The judgment rendered in the court below, being void, will not, of course, support this appeal, which is hereby dismissed. Porter & Co. v. Godfrey et al., supra. And see Slaughter et al. v. Webster, 194 Ala. 642, 70 So. 128.

Appeal dismissed.